1  SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
   Nichole Browning (S.B.N. 251937)
2  2125 Oak Grove Road, Suite 120
   Walnut Creek, CA 94598
3  Telephone: (925) 945-0770
   Facsimile: (925) 945-8792
4
   -and-
5
   Eric L. Zagar (S.B.N. 250519)
6  Lee D. Rudy
   James H. Miller
7  280 King of Prussia Road
   Radnor, PA 19087
8  Telephone: (610) 667-7706
   Facsimile: (610) 667-7056
9
   *Attorneys for [Proposed] Lead
10 Plaintiff*

                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12

13 | ARUNBHAI PATEL, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., |
14 | |
   | Plaintiff, | **Case No.: 5:08-cv-01133-HRL** |
15 | |
   | v. |
16 | |
17 | DOUGLAS G. BERGERON, JESSE ADAMS, ISAAC ANGEL, WILLIAM ATKINSON, CRAIG A. BONDY, JAMES C. CASTLE, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO** |
18 | LESLIE G. DENEND, ALEX W. HART, ROBERT B. HENSKE, CHARLES R. | **CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND** |
19 | RINEHART, COLLIN E. ROCHE, ELMORE WALLER, and BARRY ZWARENSTEIN, | **LEAD COUNSEL** |
20 | |
   | Defendants, |
21 | |
   | and |
22 | |
   | VERIFONE HOLDINGS, INC., |
23 | |
   | Nominal Defendant. |

24

25

26

27

28

*To be consolidated with:*

| | |
|---|---|
| CHARLES R. KING, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>DOUGLAS G. BERGERON, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. (PETE) HART, ROBERT B. HENSKE, EITAN RAFF, CHARLES R. RINEHART, COLLIN E. ROCHE, CRAIG A. BONDY, and BARRY ZWARENSTEIN,<br><br>        Defendants,<br><br>   and<br><br>VERIFONE HOLDINGS, INC.,<br><br>        Nominal Defendant. | Case No.: 3:07-cv-06347-PVT |
| ARTHUR HILBORN, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>DOUGLAS G. BERGERON, JESSE ADAMS, ISAAC ANGEL, WILLIAM ATKINSON, CRAIG A. BONDY, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. HART, ROBERT B. HENSKE, CHARLES R. RINEHART, COLLIN E. ROCHE, ELMORE WALLER, and BARRY ZWARENSTEIN,<br><br>        Defendants,<br><br>   And<br><br>VERIFONE HOLDINGS, INC.,<br><br>        Nominal Defendant. | Case No.: 5:08-cv-01132-PVT |

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND LEAD COUNSEL

| MARY LEMMOND and WANDELL EVERETT, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., | |
|---|---|
| Plaintiff, | **Case No.: 5:08-cv-01301-PVT** |
| v. | |
| DOUGLAS G. BERGERON, BARRY ZWARENSTEIN, JESSE ADAMS, ISAAC ANGEL, ELMORE WALLER, COLLIN E. ROCHE, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. HART, ROBERT B. HENSKE, CHARLES R. RINEHART, EITAN RAFF, WILLIAM ATKINSON, CRAIG A. BONDY, GTCR GOLDER RAUNDER, LLC, and DOES 1-25, INCLUSIVE, | |
| Defendants, | |
| And | |
| VERIFONE HOLDINGS, INC., | |
| Nominal Defendant. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 29, 2008, at 10:00 a.m. or as soon thereafter as the matter can be heard by the Honorable Howard R. Lloyd, United States District Judge, 280 South First Street, Courtroom 2, 5th Floor, San Jose, California, Derivative Plaintiff Arunbhai Patel ("Mr. Patel") will move this court for an order to (i) consolidate the above-captioned shareholder derivative actions and any subsequently filed actions that involve questions of law or fact substantially similar to those contained in the pending actions; (ii) appoint Mr. Patel as Lead Plaintiff; and (iii) appoint Mr. Patel's counsel, Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway"), as Lead Counsel.

This Motion is based upon the grounds and authority set forth in the memorandum of points and authorities, the concurrently filed declaration of Mr. Patel and upon such other and further oral and documentary evidence as may be presented at the hearing on this Motion.

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND LEAD COUNSEL

## I.    INTRODUCTION

By this Motion, Proposed Derivative Lead Plaintiff, Mr. Patel respectfully requests that the Court enter an Order in the form submitted herewith (i) consolidating the above-captioned shareholder derivative actions and any subsequently filed actions that involve questions of law or fact substantially similar to those contained in the pending actions; (ii) appointing Mr. Patel as lead plaintiff; and (iii) appointing Mr. Patel's counsel, Schiffrin Barroway, as Lead Counsel for the Consolidated Action.

## II.    BACKGROUND AND PROCEDURAL HISTORY

On February 26, 2008, Mr. Patel filed a shareholder derivative complaint (the "Patel Complaint") brought on behalf of Nominal Defendant VeriFone Holdings, Inc. ("VeriFone" or the "Company") against certain members of its Board of Directors (the "Board") and certain of its executive officers seeking to remedy defendants' breaches of fiduciary duties and unjust enrichment. As alleged in detail in the Patel Complaint, for at least the first three fiscal quarters of 2007, VeriFone's directors, along with its top executive officers, failed to ensure the effectiveness of the Company's internal controls, in contravention of their fiduciary duties. Despite these known failures, defendants caused the Company to disseminate to the public false and misleading statements that materially overstated VeriFone's financial results by failing to properly value inventory and cost of net revenue.

In further violation of their fiduciary duties, certain defendants, based on their knowledge of material non-public information regarding the Company, personally sold more than 8.8 million shares of VeriFone stock. As a result of Defendants' breaches of fiduciary duties, defendants have profited handsomely; meanwhile, VeriFone has suffered, and will continue to suffer damages.

III.    ARGUMENT

A. The Court Should Consolidate the Related Shareholder Derivative Actions

The consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a). *See also Erikson v. Cornerstone Propane Partners LP*, 2003 U.S. Dist. LEXIS 18009 at *7 (N.D. Cal. 2003) ("Rule 42(a) empowers the court to consolidate "actions involving a common question of law or fact"). This Court has broad discretion under this rule to consolidate cases pending within this district. *Abate v. Lewis*, 1996 U.S. App. LEXIS 639, at *16 (9th Cir. 1996) (citations omitted). To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *See Paxonet Commc'n v. Transwitch Corp.*, 303 F. Supp. 2d. 1027, 1028 (N.D. Cal. 2003)(citation omitted). Where, as here, there are multiple shareholder derivative actions based on the same nucleus of facts, courts generally find that consolidation is appropriate. *See, e.g., Horn v. Raines*, 227 F.R.D. 1, 3 (D.D.C. 2005) (consolidating similar shareholder derivative actions).

Mr. Patel requests that the following actions (the "Related Derivative Actions") be consolidated:

| Case Name | Case No. | Filing Date |
|---|---|---|
| *Charles King v. Douglas G. Bergeron, et al.* | 3:07-cv-06347-MHP | December 14, 2007 |
| *Arthur Hilborn v. Douglas G. Bergeron, et al.* | 5:08-cv-01132-PVT | February 26, 2008 |
| *Arunbhai Patel v. Douglas G. Bergeron, et al.* | 5:08-cv-01133-HRL | February 26, 2008 |
| *Lemmond, et. al. v. Bergeron, et. al.* | 5:08-cv-01301- RS | March 5, 2008 |

Here, consolidation of the Related Derivative Actions is warranted as all of these actions

1    are dependant on proof of the same facts; specifically, whether defendants knowingly breached

2    their fiduciary duties by conducting, or permitting, insider stock sales when they knew that the

3    Company's financial condition was not accurately portrayed to the marked.  Moreover, to ensure

4    continued efficiency, the order of consolidation should provide for future shareholder derivative

5    actions based on the same or similar facts and circumstances to be consolidated with the above-

6    captioned actions.  *See Millman v. Brinkley*, 2004 U.S. Dist. LEXIS 20113, 7 (N.D. Ga. Oct. 1,

7    2004).

8        Since the Related Derivative Actions currently pending before this Court present virtually

9    identical factual and legal issues, involve the principally the same defendants, and will involve the

10   same discovery, consolidation is appropriate.

11       **B.    Mr. Patel Should be Appointed as Lead Plaintiff**

12       As the Supreme Court recognized in *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541 (1949),

13   a plaintiff who leads a shareholder's derivative suit occupies a position "of a fiduciary character,"

14   in which "[t]he interests of all in the redress of the wrongs are taken into his hands, dependent upon

15   his diligence, wisdom and integrity."  *Id.*   Additionally, Rule 23.1 of the Federal Rules of Civil

16   Procedure provides that a plaintiff must fairly and adequately represent the interests of the

17   shareholders in enforcing the rights of the corporation.

18       Thus, when considering the appointment of lead plaintiff in shareholder derivative actions,

19   courts look to which shareholder will adequately serve the interests of the derivative plaintiffs and

20   the nominal defendant.  *See Dollens v. Zionts* 2001 U.S. Dist. LEXIS 19966, at *5 (N.D. Ill. Dec.

21   4, 2001) ("courts should appoint a derivative plaintiff that's likely to benefit the plaintiffs the

22   most"); *see also Millman*, 2004 U.S. Dist. LEXIS 20113, at *8; *Quaco v. Balakrishnan, et al.*,

23   Master File No. C-06-2811 MHP (N.D. Cal.) Order dated January 9, 2007 (appointing shareholder

24   who had submitted declaration attesting to his qualifications to be a fiduciary as lead plaintiff and

25   Schiffrin Barroway as lead counsel in derivative litigation).[1]   The various factors that courts

26   consider when appointing a lead plaintiff include: (1) the quality of the pleadings; (2) the

---

[1]  The January 9, 2007 Order in *Quaco v. Balakrishnan* is attached hereto as Exhibit 3 to the Declaration of Nichole Browning in Support of the Motion to Consolidate Related Cases, Appoint Lead Plaintiff and Lead Counsel ("Browning Decl.").

NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS,
APPOINT LEAD PLAINTIFF AND LEAD COUNSEL

1    vigorousness of the prosecution of the lawsuits; and (3) whether plaintiffs are represented by

2    capable counsel. *Millman*, 2004 U.S. Dist. LEXIS 20113, at *9-11; *Dollens*, 2001 U.S. Dist.

3    LEXIS 19966, at *13-19. An evaluation of these factors clearly supports the appointment of Mr.

4    Patel as lead plaintiff.

5         As his sworn declaration makes clear, Mr. Patel clearly satisfies all the necessary

6    requirements to serve in the fiduciary capacity as a lead plaintiff in this litigation. *See* Declaration

7    of Arunbhai Patel ("Patel Decl."), attached hereto as Exhibit A. Indeed, the record is replete with

8    evidence that Mr. Patel is committed to aggressively litigate this action on behalf of VeriFone and

9    is well qualified to serve as lead plaintiff. For example, after discussing the facts of this case with

10    his counsel, Schiffrin Barroway, Mr. Patel reviewed the complaint and authorized its filing. Patel

11    Decl., ¶6. In addition, Mr. Patel is a current holder of 1,000 shares of VeriFone stock and intends

12    to hold all or a portion of his VeriFone shares throughout the duration of the litigation – a necessity

13    in order to prosecute a derivative action. *Id.* at ¶2. Further, Mr. Patel has a Ph.D. in biotechnology

14    from Loyola University of Chicago and is an experienced investor who is familiar with corporate

15    financial statements and SEC filings. Patel Decl. at ¶¶3-4. Mr. Patel is also aware of the

16    importance of the role of a lead plaintiff as he has discussed the responsibilities and duties of a lead

17    plaintiff with his counsel and understands that if he is appointed as lead plaintiff, he would be

18    responsible for leading this litigation by monitoring the progress of the litigation and maintaining

19    frequent contact with his counsel. *Id.* at ¶8. Mr. Patel can fairly and adequately represent

20    VeriFone and other VeriFone shareholders as he intends to vigorously prosecute this action and

21    does not have any interests which are adverse to the Company or other shareholders. Thus, Mr.

22    Patel has demonstrated his commitment to prosecute and manage the litigation.

23         In addition, the Patel Complaint contains concise, comprehensive allegations regarding

24    defendants' breaches of fiduciary duties and other violations of law. Indeed, the factual allegations

25    in all of the above-captioned complaints all arise out of defendants' insider trading and violations

26    of their fiduciary duties in connection with causing the Company to materially misrepresent its

27    financial and operational condition and its controls and procedures.

28

1     Last, Mr. Patel has retained competent and experienced counsel as proposed Lead Counsel,

2    the law firm of Schiffrin Barroway. *Id.* at ¶10; *See* Section C. Therefore, for all of the foregoing

3    reasons, Mr. Patel should be appointed as lead plaintiff and his counsel, Schiffrin Barroway, should

4    be appointed as Lead Counsel.

**C. The Court Should Appoint Schiffrin Barroway As Lead Counsel**

**1. Appointment of Lead Counsel is Necessary to Effectively Prosecute the Consolidated Action**

A court which has consolidated actions may, at its discretion, appoint Lead Counsel to prosecute the consolidated cases. Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2385 (2d ed. 1987) cited in *Walker v. Deutsche Bank, AG*, 2005 U.S. Dist. LEXIS 19776, at * 8 (S.D.N.Y. Sept. 6, 2005). *MacAlister v. Guterma*, 263 F.2d 65 (2d Cir. 1958) is the seminal case on this point. In that case, the court recognized that "[t]he benefits achieved by consolidation and the appointment of general counsel, *i.e.* elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation." *Id.* at 69.

The Ninth Circuit has explicitly endorsed this reasoning. *See Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774-75 (9th Cir. 1977) (affirming district court's appointment of Lead Counsel, stating that "[t]he authority recognized in MacAlister has never been seriously disputed"). Moreover, the Manual for Complex Litigation recognizes the benefits of appointing Lead Counsel in complex, multiparty litigation:

> Complex litigation often involves numerous parties with common or similar interests but separate counsel. Traditional procedures in which all papers and documents are served on all attorneys, and each attorney files motions, presents arguments, and examines witnesses, may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily. Instituting special procedures for coordination of counsel early in the litigation will help to avoid these problems.

1    MANUAL FOR COMPLEX LITIGATION (FOURTH) §10.22 (2004).

2    ### 2.    Schiffrin Barroway Should be Appointed as Lead Counsel

3    In selecting Lead Counsel, the "guiding principle" is who will "best serve the interest of the

4    plaintiffs." *Millman*, 2004 U.S. Dist. LEXIS 20113, at * 9.  The criteria for selecting counsel

5    include factors such as "experience and prior success record, the number, size, and extent of

6    involvement of represented litigants, the advanced stage of proceedings in a particular suit, and the

7    nature of the causes of action alleged." *Id.* (citations omitted).  In addition, courts have also

8    considered the quality of the pleadings that have been filed as a factor to be weighed. *Millman*,

9    2004 U.S. Dist. LEXIS 20113, at * 9.  Each of these factors weighs in favor of appointing Schiffrin

10   Barroway as Lead Counsel.

11   Schiffrin Barroway's experience and prior success is unassailable.  Schiffrin Barroway is a

12   Martindale Hubbell "AV" rated law firm with offices in Walnut Creek, California and Radnor,

13   Pennsylvania and focuses its practice in the securities fraud class action and shareholder derivative

14   areas. *See* Browning Decl, Exhibit 2.[2]  With more than 60 attorneys specializing in complex

15   shareholder litigation and 20 years of experience, Schiffrin Barroway has served as Lead or Co-

16   Lead Counsel in numerous securities and complex litigation matters, including serving as Lead or

17   Co-Lead Counsel in more than 150 shareholder derivative actions in state and federal courts across

18   the country, including many in the Northern District of California.

19   Indeed, the firm has been at the forefront of litigation concerning the alleged backdating of

20   stock options.  Through dozens of shareholder derivative actions filed across the country, Schiffrin

21   Barroway has initiated an extensive campaign against options backdating, seeking not only to hold

22   the directors and officers responsible for their past misconduct, but also to ensure that proper

23   corporate governance reforms are instituted so that these practices are finally eliminated.  The firm

24   has been appointed as lead or co-lead counsel by courts across the country in some of the most

25   prominent backdating cases, including a number of actions pending in federal and state court in

26

27

28   [2]    The Firm Resume of Schiffrin Barroway is attached  as Exhibit 2 to the Browning Decl.

1  California.[3]

2      In addition, Schiffrin Barroway has served as Lead or Co-Lead Counsel in several high

3  profile securities class actions, most notably in the *In re Tyco Sec. Litig.,* 02-1335-PB (D.N.H.).  In

4  2007, a settlement was reached in the *Tyco* litigation for $3.2 billion dollars, the third largest

5  recovery in history on behalf of a class of shareholders.  These are but a few examples of many in

6  which Schiffrin Barroway has achieved outstanding results for shareholders in complex derivative

7  shareholder litigation.

8      The breadth of success of Schiffrin Barroway should weigh heavily in favor of appointing

9  Schiffrin Barroway as Lead Counsel. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) §10.224

10  (2004) (the court's responsibilities in appointing Lead Counsel include an assessment of counsel's

11  qualifications, experience, competence, and commitment to prosecuting action on behalf of

12  plaintiffs).

13

14

15

16

17  [3]   *See, e.g., In re Actel Derivative Litig.*, Master File No. C 06-06832 JW (N.D. Cal.) (Schiffrin
18  Barroway serves as lead counsel in this shareholder derivative action involving backdating of stock
    options); *In re Atmel Corp. Derivative Litig.,* Master File No. CV 06-4592-JF (N.D. Cal.)(serves as
19  co-lead counsel); *In re BEA Systems Derivative Litig.,* Case No. C-06:4459 (RMW)(N.D.
    Cal)(serves as lead counsel); *In re Ditech Networks, Inc., Derivative Litigation,* Master File No. C
    06-06-05157 JF (N.D. Cal.)(serves as co-lead counsel); (*In re Electronics For Imaging, Inc.*
20  *Derivative Litig.,* Case No. C-06- 7274-EMC (N.D. Cal.)(serves as lead counsel); *In re Foundry
    Networks Derivative Litig.,* Case No. C-06-05598-RMW (N.D. Cal.)(serves as co-lead counsel); *In*
21  *re Integrated Silicon Solution, Inc. S'holder Derivative Litig.,* Master File No. C-06-04387 RMW
    (N.D. Cal.)(serves as lead counsel); *In re Juniper Derivative Actions,* Case No. C-06-3396-JW
22  (N.D. Cal.)(serves as co-lead counsel); *In re Linear Tech. Corp. Derivative Litig.,* Master File No.
    C-06-3290-MMC (N.D. Cal.)(serves as lead counsel); *In re Maxim Integrated Products, Inc.*
23  *Derivative Litig.,* Case No. C-5:06-cv-03344-JW (N.D. Cal.)(serves as co-lead counsel); *In re
    McAfee, Inc. Derivative Litig.,* Case No. 5:06-cv-03484-JF (N.D. Cal.)(serves as co-lead counsel);
24  *In re Network Appliance Derivative Litig.,* Master File No. C 06-06486 JW (N.D. Cal.); *Quaco v.
    Balakrishnan, et al.,* Master File No. C-06-2811 MHP (N.D. Cal.)(serves as lead counsel); *In re
25  Sanmina-SCI Derivative Litig.,* Case No. C-06-03783-JF (N.D. Cal.)(serves as co-lead counsel); *In
    re Sigma Designs, Inc. Derivative Litig.,* Master File No. C-06-04460 RMW (N.D. Cal.) (serves as
26  lead counsel); *In re Trident Microsystems, Inc. Derivative Litig.,* Case No. C-06-3440-JF (N.D.
    Cal.)(serves as co-lead counsel); *Travis v. Middelstaedt, et. al.,* CIV S-06-2341 FCD GGH (E.D.
27  Cal.)(serves as co-lead counsel); *See also, In re Apple Computer, Inc. Derivative Litig.,* Case No.
    C-06-04128-JF (N.D.Cal.)(Schiffrin Barroway serves as a member of the management committee.)
28

1    IV.    **CONCLUSION**

2           For the reasons set forth above, the Court should grant this Motion and (i) consolidate the

3    above-captioned related shareholder derivative actions; (ii) appoint Mr. Patel as lead plaintiff; and

4    (iii) appoint Mr. Patel's counsel, Schiffrin Barroway, as Lead Counsel.

5    DATED: MARCH 18, 2008

                                       Respectfully submitted,

6

7                                          _/s/ Nichole Browning_

8                                  SCHIFFRIN BARROWAY TOPAZ &
                              KESSLER, LLP

9                                  Nichole Browning (S.B.N. 251937)
                              2125 Oak Grove Road, Suite 120

10                                 Walnut Creek, CA 94598
                              Telephone: (925) 945-0770

11                                 Facsimile: (925) 945-8792

12                                 -and-

13                                 Eric L. Zagar (S.B.N. 250519)
                              Lee D. Rudy

14                                 James H. Miller
                              280 King of Prussia Road

15                                 Radnor, PA 19087
                              Telephone: (610) 667-7706

16                                 Facsimile: (610) 667-7056

17                                 _Attorneys for [Proposed] Lead Plaintiff_
                              _Arunbhai Patel_

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

1    SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
     Nichole Browning (S.B.N. 251937)
2    2125 Oak Grove Road, Suite 120
     Walnut Creek, CA 94598
3    Telephone: (925) 945-0770
     Facsimile: (925) 945-8792
4
     -and-
5
     Eric L. Zagar (S.B.N. 250519)
6    James H. Miller
     280 King of Prussia Road
7    Radnor, PA 19087
     Telephone: (610) 667-7706
8    Facsimile: (610) 667-7056
     Attorneys for [Proposed] Lead
9    Plaintiff

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12   CHARLES R. KING, Derivatively on Behalf of
     Nominal Defendant, VERIFONE HOLDINGS,
13   INC.,

14                   Plaintiff,              Case No.: 3:07-cv-06347-PVT

15         v.

16   DOUGLAS G. BERGERON, JAMES C.           DECLARATION OF ARUNBHAI
     CASTLE, LESLIE G. DENEND, ALEX W.       PATEL
17   (PETE) HART, ROBERT B. HENSKE, EITAN
     RAFF, CHARLES R. RINEHART, COLLIN E.
18   ROCHE, CRAIG A. BONDY, and BARRY
     ZWARENSTEIN,
19
                     Defendants,
20
           and
21
     VERIFONE HOLDINGS, INC.,
22
                     Nominal Defendant.
23

24

25

26

27

28
     DECLARATION OF ARUNBHAI PATEL IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE RELATED ACTIONS,
     APPOINT LEAD PLAINTIFF AND LEAD COUNSEL                                                    - 1 -

1    *To be consolidated with:*

2

3    ARTHUR HILBORN, Derivatively on Behalf of
     Nominal Defendant, VERIFONE HOLDINGS,
     INC.,

4
                        Plaintiff,                Case No.: 5:08-cv-01132-PVT
5

6         v.

7    DOUGLAS G. BERGERON, JESSE ADAMS,
     ISAAC ANGEL, WILLIAM ATKINSON,
     CRAIG A. BONDY, JAMES C. CASTLE,
8    LESLIE G. DENEND, ALEX W. HART,
     ROBERT B. HENSKE, CHARLES R.
9    RINEHART, COLLIN E. ROCHE, ELMORE
     WALLER, and BARRY ZWARENSTEIN,
10
                        Defendants,
11
          and
12
     VERIFONE HOLDINGS, INC.,
13
                        Nominal Defendant.
14

15   ARUNBHAI PATEL, Derivatively on Behalf of
     Nominal Defendant, VERIFONE HOLDINGS,
     INC.,
16
                        Plaintiff,                Case No.: 5:08-cv-01133-HRL
17

18        v.

19   DOUGLAS G. BERGERON, JESSE ADAMS,
     ISAAC ANGEL, WILLIAM ATKINSON,
     CRAIG A. BONDY, JAMES C. CASTLE,
20   LESLIE G. DENEND, ALEX W. HART,
     ROBERT B. HENSKE, CHARLES R.
21   RINEHART, COLLIN E. ROCHE, ELMORE
     WALLER, and BARRY ZWARENSTEIN,
22
                        Defendants,
23
          and
24
     VERIFONE HOLDINGS, INC.,
25
                        Nominal Defendant.
26

27

28
     DECLARATION OF ARUNBHAI PATEL IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE RELATED ACTIONS,
     APPOINT LEAD PLAINTIFF AND LEAD COUNSEL

                                                                              - 2 -

| | |
|---|---|
| 1  MARY LEMMOND and WANDELL<br>2  EVERETT, Derivatively on Behalf of Nominal<br>   Defendant, VERIFONE HOLDINGS, INC., | |
| 3             Plaintiffs, | Case No.: 5:08-cv-01301-PVT |
| 4      v. | |
| 5  DOUGLAS G. BERGERON, BARRY | |
| 6  ZWARENSTEIN, JESSE ADAMS, ISAAC<br>   ANGEL, ELMORE WALLER, COLLIN E. | |
| 7  ROCHE, JAMES C. CASTLE, LESLIE G.<br>   DENEND, ALEX W. HART, ROBERT B. | |
| 8  HENSKE, CHARLES R. RINEHART, EITAN<br>   RAFF, WILLIAM ATKINSON, CRAIG A. | |
| 9  BONDY, GTCR GOLDER RAUNDER, LLC,<br>   and DOES 1-25, INCLUSIVE, | |
| 10            Defendants, | |
| 11     and | |
| 12  VERIFONE HOLDINGS, INC., | |
| 13            Nominal Defendant. | |

Verifone Holdings, Inc. ("Verifone" or the "Company") investor Arunbhai Patel declares under penalty of perjury:

    1.    I submit this Declaration in Support of Plaintiff's Motion to Consolidate Related Actions and to Appoint Lead Plaintiff and Lead Counsel.

    2.    I am a holder of 1000 shares of Verifone common stock.

    3.    I currently reside in Sharonville, Ohio, and am a retired research scientist, formerly employed by GlaxoSmithKline. I received my Ph.D. in Biotechnology from Loyola University of Chicago, Chicago, Illinois.

    4.    I have been investing in the stock market for approximately fifteen years and consider myself to be a knowledgeable investor. I am familiar with reading and understanding corporate financial statements, SEC filings and other corporate documents and I do my own independent research before I invest in the stock market.

    5.    I became involved in this action after responding to a notice pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") concerning the filing of a securities fraud

DECLARATION OF ARUNBHAI PATEL IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE RELATED ACTIONS,
APPOINT LEAD PLAINTIFF AND LEAD COUNSEL

1    class action against Verifone and certain of its officers and directors. Upon receipt of the PSLRA

2    notice, I provided certain information to Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin

3    Barroway") and requested that they contact me concerning the lawsuit. Thereafter, I was contacted

4    by an attorney at Schiffrin Barroway and was advised that Schiffrin Barroway was also

5    investigating a potential shareholder derivative action on behalf of Verifone, and discussed my

6    potential participation in such an action.

7        6.    Thereafter, I reviewed the shareholder derivative complaint and authorized Schiffrin

8    Barroway to file the complaint. I understand that Schiffrin Barroway's research revealed that

9    defendants improperly engaged in insider trading at the expense of the Company and its

10    shareholders. This practice allowed defendants to unjustly enrich themselves while breaching their

11    fiduciary duties.

12        7.    I am not, and was not at any time, named as a plaintiff in any securities class action

13    filed against Verifone or any of its officers or directors.

14        8.    I have discussed the responsibilities and duties of a Lead Plaintiff with my counsel

15    and I am aware that, if I am appointed as Lead Plaintiff, I would be responsible for leading this

16    litigation by monitoring the progress of the litigation. I believe that I can fairly and adequately

17    represent Verifone and other Verifone shareholders as I intend to vigorously prosecute this lawsuit,

18    and I do not have any interests which are adverse to the Company or any other shareholders. As

19    Lead Plaintiff, I will maintain regular contact with my counsel throughout the duration of this

20    litigation.

21        9.    I will continue to hold some or all of my shares of Verifone common stock

22    throughout the duration of this action.

23        10.   I retained the law firm of Schiffrin Barroway as my counsel in this action, and have

24    entered into a formal fee agreement with Schiffrin Barroway in connection therewith.

25        11.   I am aware that Schiffrin Barroway currently serves as counsel to Arthur Hilborn,

26    who has commenced a substantially similar derivative action in this Court on behalf of Verifone.

27

28

DECLARATION OF ARUNBHAI PATEL IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE RELATED ACTIONS,
APPOINT LEAD PLAINTIFF AND LEAD COUNSEL

-4-

1        12.    I was not promised nor was anyone associated with me promised any remuneration

2    to participate in this litigation.

3        I declare under penalty of perjury under the laws of the United States of America that the

4    foregoing is true and correct.

5

6    March 13, 2008

                                     Arunbhai Patel

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ARUNBHAI PATEL IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE RELATED ACTIONS,
APPOINT LEAD PLAINTIFF AND LEAD COUNSEL

1    SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
     Nichole Browning (S.B.N. 251937)
2    2125 Oak Grove Road, Suite 120
     Walnut Creek, CA 94598
3    Telephone: (925) 945-0770
     Facsimile: (925) 945-8792
4
     -and-
5
     Eric L. Zagar (S.B.N. 250519)
6    Lee D. Rudy
     James H. Miller
7    280 King of Prussia Road
     Radnor, PA 19087
8    Telephone: (610) 667-7706
     Facsimile: (610) 667-7056
9
     *Attorneys for [Proposed] Lead*
10   *Plaintiff*
                         UNITED STATES DISTRICT COURT
11
                        NORTHERN DISTRICT OF CALIFORNIA
12
13   ARUNBHAI PATEL, Derivatively on Behalf of
     Nominal Defendant, VERIFONE HOLDINGS,
     INC.,
14
15                      Plaintiff,              Case No.: 5:08-cv-01133-HRL

16          v.

17   Douglas G. Bergeron, Jesse Adams, Isaac Angel,   **DECLARATION OF NICHOLE BROWNING**
     William Atkinson, Craig A. Bondy, James C.       **IN SUPPORT OF THE MOTION TO**
18   Castle, Leslie G. Denend, Alex W. Hart, Robert   **CONSOLIDATE RELATED CASES,**
     B. Henske, Charles R. Rinehart, Collin E. Roche, **APPOINT LEAD PLAINTIFF, AND LEAD**
19   Elmore Waller, and Barry Zwarenstein,            **COUNSEL**

20                      Defendants,

21          and

22   VERIFONE HOLDINGS, INC.,

23                      Nominal Defendant.

24

25

26

27

28
     ┌─────────────────────────────────────────────────────────────────┐
     │ **DECLARATION OF NICHOLE BROWNING IN SUPPORT OF THE MOTION TO CONSOLIDATE RELATED** │
     │ **CASES, APPOINT LEAD PLAINTIFF, AND LEAD COUNSEL**                │
     │ **CASE NO.: 5:08-CV-01133-HRL**                                   │
     └─────────────────────────────────────────────────────────────────┘

1    *To be consolidated with:*

2    CHARLES R. KING, Derivatively on Behalf of
     Nominal Defendant, VERIFONE HOLDINGS,
3    INC.,

4                        Plaintiff,                    **Case No.: 3:07-cv-06347-PVT**

5            v.

6    DOUGLAS G. BERGERON, JAMES C.
     CASTLE, LESLIE G. DENEND, ALEX W.
7    (PETE) HART, ROBERT B. HENSKE, EITAN
     RAFF, CHARLES R. RINEHART, COLLIN E.
8    ROCHE, CRAIG A. BONDY, and BARRY
     ZWARENSTEIN,
9
                         Defendants,
10
            and
11
     VERIFONE HOLDINGS, INC.,
12
                        Nominal Defendant.
13

14   ARTHUR HILBORN, Derivatively on Behalf of
     Nominal Defendant, VERIFONE HOLDINGS,
15   INC.,

16                       Plaintiff,                    **Case No.: 5:08-cv-01132-PVT**

17           v.

18   DOUGLAS G. BERGERON, JESSE ADAMS,
     ISAAC ANGEL, WILLIAM ATKINSON,
19   CRAIG A. BONDY, JAMES C. CASTLE,
     LESLIE G. DENEND, ALEX W. HART,
20   ROBERT B. HENSKE, CHARLES R.
     RINEHART, COLLIN E. ROCHE, ELMORE
21   WALLER, and BARRY ZWARENSTEIN,

22                       Defendants,

23           and

24   VERIFONE HOLDINGS, INC.,

25                       Nominal Defendant.

26

27

28

| | |
|---|---|
| MARY LEMMOND and WANDELL EVERETT, Derivatively on Behalf of Nominal Defendant, VERIFONE HOLDINGS, INC., | |
| Plaintiff, | **Case No.: 5:08-cv-01301-PVT** |
| v. | |
| DOUGLAS G. BERGERON, BARRY ZWARENSTEIN, JESSE ADAMS, ISAAC ANGEL, ELMORE WALLER, COLLIN E. ROCHE, JAMES C. CASTLE, LESLIE G. DENEND, ALEX W. HART, ROBERT B. HENSKE, CHARLES R. RINEHART, EITAN RAFF, WILLIAM ATKINSON, CRAIG A. BONDY, GTCR GOLDER RAUNDER, LLC, and DOES 1-25, INCLUSIVE, | |
| Defendants, | |
| And | |
| VERIFONE HOLDINGS, INC., | |
| Nominal Defendant. | |

I, Nichole Browning declare under penalty of perjury as follows:

1.     I am an attorney duly admitted to the Bar of the State of California. I am an attorney at Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin Barroway") and counsel for Plaintiff Arunbhai Patel ("Patel") in the above referenced action.

2.     I submit this Declaration in support of Plaintiff Patel's Motion to Consolidate Actions and Appoint Lead Plaintiff and Lead Counsel.

3.     Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff Patel's Verification.

4.     Attached hereto as Exhibit 2 is a true and correct copy of Schiffrin Barroway's firm resume.

5.     Attached hereto as Exhibit 3 is a true and correct copy of the January 9, 2007 Order in *Quaco v. Balakrishnan, et al.,* Master File No. C-06-2811 MHP (N.D. Cal.)

I declare under penalty of perjury that the foregoing is true and correct.

**DECLARATION OF NICHOLE BROWNING IN SUPPORT OF THE MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFF, AND LEAD COUNSEL CASE NO.: 5:08-CV-01133-HRL**     - 1 -

1

Executed on March 18, 2007 at San Francisco, California.

2

3                                                          /s/ Nichole Browning

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

### VERIFICATION

I, Arunbhai H. Patel, hereby verify that I have authorized the filing of the attached Complaint, that I have reviewed the Complaint, and that the facts therein are true and correct to the best of my knowledge, information and belief. I declare under penalty of perjury that the foregoing is true and correct.

DATE: 1-29-08

ARUNBHAI H. PATEL

**EXHIBIT 2**

# FIRM PROFILE



280 King of Prussia Road * Radnor, PA 19087 * Telephone: (610) 667.7706 * Fax: (610) 667.7056

Schiffrin Barroway Topaz & Kessler, LLP, specializes in representing shareholders and consumers in complex class action litigation in state and federal courts throughout the United States. Since our inception, SBTK has recovered billions of dollars on behalf of defrauded shareholders and aggrieved consumers. The firm is led by its senior partners, Richard S. Schiffrin (founding partner, retired), Andrew L. Barroway, Marc A. Topaz, and David Kessler, with assistance from partners Stuart L. Berman, Katharine M. Ryan, Gregory M. Castaldo, Michael K. Yarnoff, Joseph H. Meltzer, Darren J. Check, Andrew L. Zivitz, Sean M. Handler, John A. Kehoe, Lee D. Rudy, Kay E. Sickles, Eric L. Zagar, Edward W. Ciolko and numerous experienced associates and staff.

Since its inception in 1987, SBTK has specialized exclusively in the prosecution of class actions, with unique expertise and skill litigating securities class actions. Now in its 21st year, SBTK has grown into one of the largest and most successful firms in the field. Recognized by courts and its clients for achieving exemplary results, SBTK, with its main office located in suburban Philadelphia, Pennsylvania, is comprised of over 60 attorneys, a superior support staff and an in-house investigative team. With SBTK's extensive experience prosecuting securities fraud actions, derivative actions and transactional litigation against public companies and their officers and directors, SBTK has emerged as the leading firm in the campaign to eradicate the egregious practice of options backdating. Recognizing SBTK's experience and commitment to corporate governance reform, courts across the country have appointed SBTK as lead or co-lead counsel in more than 50 options backdating actions. SBTK's depth and breadth of its practice places it in a unique position to track, advise, prosecute and resolve complex securities actions.

In the course of representing various institutional investors from the United States, Canada, Europe, and around the world, including pension funds, mutual fund managers, investment advisors, insurance companies, and hedge funds, SBTK has recovered billions of dollars on behalf of its clients and the classes it represents. SBTK, with the guidance and assistance of its clients serving as lead plaintiff, is especially proud of its ability to create and structure resolutions with financially troubled companies and, when appropriate, to institute corporate governance reforms when serving as lead counsel in shareholder actions.

735236.1

In addition, SBTK has recently opened an office in suburban San Francisco, California, and has added three California-based attorneys as "of counsel" to the firm, each of whom has significant class action and complex litigation experience. Demonstrating its commitment to the west coast expansion, several SBTK partners and associates have recently taken the California Bar and are awaiting their results.

# Noteworthy Achievements

During the firm's successful history, SBTK has recovered billions of dollars for defrauded stockholders and consumers. The following are among the firm's notable achievements:

### In re Tyco International, Ltd. Securities Litigation, No. 02-1335-B (D.N.H. 2002):

SBTK, which served as co-lead counsel in this highly publicized securities fraud class action on behalf of a group of institutional investors, achieved a record $3 billion settlement with Tyco. The largest securities class action settlement by a corporate defendant in history. The action asserted federal securities claims on behalf of all purchasers of Tyco securities between December 13, 1999 and June 7, 2002 against Tyco, certain former officers and directors of Tyco and the Company's auditor PricewaterhouseCoopers. Tyco is alleged to have overstated its income during the Class Period by $5.8 billion. Defendants Kozlowski and Swartz have been sentenced to up to 25 years in prison after being convicted of grand larceny, falsification of business records and conspiracy for their roles in the alleged scheme to defraud investors. Defendant Walsh has also pled guilty to committing fraud.

In October 2004, the Court denied in large part the defendants' motions to dismiss and the parties began the discovery phase of the case. On June 12, 2006, Judge Barbadoro granted the Plaintiffs' motion for class certification for violations of sections 10(b), 20(a) and 20A of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a) and 78t-1, and sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k, 77l(a)(2) and 77o. The Court held that the claims asserted satisfy Federal Rule of Civil Procedure 23(a)'s requirements for numerosity, commonality, typicality and adequacy, as well as Rule 23(b)'s requirements that common issues predominate over individual issues and that a class action is superior to other available methods for the fair resolution of the dispute.

The settlement, which represents the single largest payment from any corporate defendant in the history of securities class action litigation, requires Tyco pay $2.975 billion in cash to settle securities and accounting fraud claims relating to the Kozlowski era, but specifically excludes auditor PriceWaterhouseCoopers ("PwC") and, by the time the settlement will be presented to the Court for final distribution, it will exceed $3 billion in value, inclusive of interest.

As part of the settlement, Tyco has agreed to assign the claims it has against PwC related to the accounting fraud to the Class, which intends to vigorously pursue both its own claims and the assigned claims. As Tyco's auditor, PwC was in a unique position to uncover the fraud and to prevent the damages to Tyco's shareholders. Instead, PwC is alleged to have failed in its duties as a corporate watchdog. In addition, as Tyco already has its own claims being pursued against certain of the individual defendants, the Class has assigned its claims against Dennis Kozlowski, Frank Walsh and Mark Swartz to Tyco in exchange for receiving a 50% interest in any net recoveries achieved against these non-settling defendants.

### In re Tenet Healthcare Corp. Securities Litigation,

*No. CV-02-8462-RSWL (Rx) (C.D. Cal. 2002):*

SBTK serves as co-lead counsel on behalf of the State of New Jersey and its Division of Investment against Tenet Healthcare Corp. and certain of its former officers and directors. Among other things, the Lead Plaintiff alleges that defendants made a series of materially false or misleading statements and omissions concerning Tenet's business model and financial health from January 11, 2000 through November 7, 2002. After defeating defendants' motions to dismiss and performing substantial document and deposition discovery, a partial settlement has been reached in the amount of $216.5 million in cash which will be submitted for preliminary approval by the Court in the coming weeks. The Partial Settlement is being funded primarily by Tenet and its insurance carriers ($215 million), with personal contributions in the aggregate amount of $1.5 million being made by two of Tenet's former officers, Jeffrey Barbakow and Thomas Mackey. In addition to the substantial cash recovery, the prosecution of this action has played a prominent role in Tenet's initiation of sweeping corporate governance reforms which have led to Tenet being ranked by various institutional rating entities as among the best corporations in America for its corporate governance. The case will continue against KPMG as the Court denied KPMG's motion to dismiss the action in its entirety in December, 2005.

*In re AremisSoft Corp. Securities Litigation,*
*C.A. No. 01-CV-2486 (D.N.J. 2002):*

SBTK is particularly proud of the results recently achieved in this case before the Honorable Joel A. Pisano. This case was exceedingly complicated, as it involved the embezzlement of hundreds of millions of dollars by former officers of the Company, who are now fugitives. In settling the action, SBTK, as sole Lead Counsel, assisted in reorganizing the Company as a new Company to allow for it to continue operations, while successfully separating out the securities fraud claims and the bankrupt Company's claims into a litigation trust. The Settlement, which was recently approved, calls for the class to receive the majority of the equity in the new Company, as well as their pro rata share of any amounts recovered by the litigation trust. The Court-appointed cotrustees, Joseph P. LaSala, Esq. and Fred S. Zeidman, have retained SBTK to continue prosecuting the actions on behalf of the litigation trust. In this capacity, we have filed an action in the Isle of Man, and have successfully frozen more than $200 million of stolen funds from one of the fugitives, and are in the process of attempting to recover the money on behalf of the trust. In addition, we are continuing to litigate the trust's claims against the remaining fugitive.

*In re The Interpublic Group of Companies Securities Litigation,*
*No. 02 Civ. 6527 (S.D.N.Y. 2002):*

SBTK served as sole Lead Counsel in this action on behalf of an institutional investor and recently received final approval of a settlement consisting of $20 million in cash and 6,551,725 shares of IPG common stock with expected distribution by early summer 2005. As of February 2005, the stock had an approximate value of $87 million, resulting in a total settlement value of approximately $107 million. In granting its approval, the Court praised SBTK for acting responsibly and noted the firm's professionalism, competence and contribution to achieving such a favorable result.

*In re Digital Lightwave, Inc. Securities Litigation,*
*Consolidated Case No. 98-152-CIV-T-24E (M.D. Fla. 1999):*

The firm served as Co-Lead Counsel in one of the nation's most successful securities class actions. After extensive litigation and negotiations, a settlement consisting primarily of stock ultimately grew to a value of over $170 million between the time in which the settlement was negotiated and the time at which it was distributed. SBTK took on the primary role in negotiating the terms of the equity component, insisting that the class have the right to share in any upward

735236.1

appreciation in the value of the stock after the settlement was reached. This recovery represented an astounding approximately two hundred percent (200%) of class members' losses. We believe that this represents the largest percentage recovery for shareholders in securities class action history.

*In re Initial Public Offering Securities Litigation,*
*Master File No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002):*
SBTK holds a prominent position as an Executive Committee member in this action. Of the sixty plaintiffs firms which originally filed actions in these coordinated proceedings, SBTK was one of only six selected to serve on the Executive Committee. The coordinated actions, which have been filed against 309 separate issuers of publicly traded securities, challenge the legality of the practices which accompany the allocations of shares in initial public offerings. In addition to suing the issuers of such securities, the 309 coordinated actions also name as defendants the primary investment banking firms which underwrote the offerings. This case, which has received a great deal of national and international media attention, is widely considered the largest securities class action litigation in history. At the present time, the Court has preliminarily approved a $1 billion settlement with the insurers and their officers and directors. The case is proceeding against the underwriting defendants.

*In re Global Crossing, Ltd. ERISA Litigation,*
*No. 02 Civ. 7453 (S.D.N.Y. 2004):*
SBTK served as Co-Lead Counsel in this complex and high-profile action which alleged that certain directors and officers of Global Crossing, a former high-flier of the late 1990's tech stock boom, breached their fiduciary duties under the Employee retirement Income Security Act of 1974 to certain company-provided 401(k) plans and their participants. These breaches surrounded the plans' alleged imprudent investment in Global Crossing stock during a time when defendants knew, or should have known, that the company was facing imminent bankruptcy. A settlement of plaintiffs' claims restoring $79 million to the Plans and their participants was approved in November 2004. At the time, this represented the largest recovery received in a company stock ERISA class action.

*In re Honeywell International ERISA Litigation,*
*No. 03-1214 (DRD) (D.N.J. 2004):*
SBTK is serving as Lead Counsel in a breach of fiduciary duty case under ERISA against Honeywell International, Inc. and certain fiduciaries of Honeywell pension plans. The suit alleges that Honeywell and the individual fiduciary defendants, allowed Honeywell's 401(k) plans and their participants to imprudently invest significant assets in company stock, despite that defendants knew, or should have known, that Honeywell's stock was an imprudent investment due to undisclosed, wide-ranging problems stemming from a consummated merger with Allied Signal and a failed merger with General Electric. A settlement f plaintiffs' claims, which includes a $14 million payment to the plans and their affected participants, and significant structural relief affording participants much greater leeway in diversifying their retirement savings portfolios, is currently pending court approval.

*In re Remeron Antitrust Litigation,*
*No. 02-CV-2007 (D.N.J. 2004):*
SBTK is Co-Lead Counsel in an action challenging Organon, Inc.'s filing of certain patents and patent infringement lawsuits as an abuse of the Hatch-Waxman Act, and an effort to unlawfully extend their monopoly in the market for Remeron. Specifically, the lawsuit alleges that defendants violated state and federal antitrust laws in their efforts to keep competing products from entering the market, and seeks damages sustained by consumers and third-party payors.

735236.1

After lengthy litigation, including numerous motions and over 50 depositions, the matter settled for $36 million. The settlement is pending final approval by the court.

*Henry v. Sears, et al.,*
*Case No. 98 C 4110 (N.D. Ill. 1999):*
The firm served as Co-Lead Counsel for one of the largest consumer class actions in history, consisting of approximately 11 million Sears credit card holders whose interest rates were improperly increased in connection with the transfer of the credit card accounts to a national bank. SBTK successfully negotiated a settlement representing approximately 66% of all class members' damages, thereby providing a total benefit exceeding $156 million. All $156 million was distributed automatically to the Class members, without the filing of a single proof of claim form. In approving the settlement, the District Court stated: ". . . I am pleased to approve the settlement. I think it does the best that could be done under the circumstances on behalf of the class. . . . The litigation was complex in both liability and damages and required both professional skill and standing which class counsel demonstrated in abundance."

*Jordan v. State Farm Insurance Company,*
*Case No. 97 CH 11 (Cir. Ct., McLean County, Ill. 1998):*
Plaintiffs alleged that State Farm had engaged in fraudulent sales practices known as "churning," and marketing and selling "vanishing premium" policies that do not actually "vanish." After several years of discovery, motion practice and settlement negotiations, SBTK, as Liaison Counsel, successfully resolved the action for $225 million in cash, dividend enhancements and other monetary benefits for current and former State Farm policyholders.

*In re Liberate Technologies Securities Litigation,*
*No. C-02-5017 (MJJ) (N.D. Cal. 2005):*
Plaintiffs alleged that Liberate engaged in fraudulent revenue recognition practices to artificially inflate the price of its stock, ultimately forcing it to restate its earnings. As sole Lead Counsel, SBTK successfully negotiated a $13.8 million settlement, which represents almost 40% of the damages suffered by the class. In approving the settlement, the district court complimented Lead Counsel for its "extremely credible and competent job."

*In re InfoSpace, Inc. Securities Litigation,*
*Master File No. C-01-0913-Z (D. Wash. 2001):*
SBTK served as Co-Lead Counsel on behalf of plaintiffs alleging that InfoSpace and certain of its officers and directors overstated revenues by using improper accounting methods, overstated the demand for InfoSpace's wireless services, misstated InfoSpace's financial relationships with major customers, and falsely represented that InfoSpace would receive subscription fees from users of web-enabled cell phones. After two years of hard-fought litigation and complex mediation, a settlement of $34.3 million was obtained for members of the class.

*In re Riverstone Networks, Inc. Securities Litigation,*
*Case No. CV-02-3581 (N.D. Cal. 2002):*
SBTK served as sole lead counsel on behalf of plaintiffs alleging that Riverstone and certain of its officers and directors sought to create the impression that the Company, despite the industry-wide downturn in the telecom sector, had the ability to prosper and succeed and was actually prospering. In that regard, plaintiffs alleged that defendants issued a series of false and misleading statements concerning the Company's financial condition, sales and prospects, and used inside information to personally profit. After extensive litigation, the parties entered into

735236.1

formal mediation with the Honorable Charles Legge (Ret.). Following five months of mediation, the parties reached a settlement of $18.5 million which has been preliminarily approved by the Court.

*In re Assisted Living Concepts, Inc. Securities Litigation,*
*Lead Case No. 99-167-AA (D. Or. 1999):*
SBTK served as Co-Lead Counsel and was instrumental in obtaining a $30 million recovery for class members from the Company, its executive officers and directors, and several underwriters for their role in an alleged complex accounting fraud involving the use of a purportedly independent joint venture to absorb the Company's start-up losses. Even after this $30 million recovery, through counsel's efforts, an additional $12.5 million was obtained from the auditors providing for a total recovery of $42.5 million.

*Wanstrath v. Doctor R. Crants, et al.,*
*No. 99-1719-111 (Tenn. Chan. Ct., 20th Judicial District, 1999):*
SBTK served as Lead Counsel in a derivative action filed against the officers and directors of Prison Realty Trust, Inc., challenging the transfer of assets from the Company to a private entity owned by several of the Company's top insiders. Numerous federal securities class actions were pending against the Company at this time. Through the derivative litigation, the Company's top management was ousted, the composition of the Board of Directors was significantly improved, and important corporate governance provisions were put in place to prevent future abuse. Mr. Schiffrin, in addition to achieving these desirable results, was able to personally effectuate a global settlement of all pending litigation against the backdrop of an almost certain bankruptcy. The case was resolved in conjunction with the federal securities cases for the payment of approximately $50 million by the Company's insurers and the issuance of over 46 million shares to the class members.

*In re Cumulus Media Inc. Securities Litigation,*
*Lead Case No. 00-C-391 E.D. Wis. 2000):*
SBTK served as Lead Counsel and successfully litigated the action and negotiated a settlement of $13 million in cash and 240,000 shares of freely tradable stock in Cumulus Media, which traded for approximately $19 per share, for a total settlement value of $17.5 million at the time the settlement was approved by the Court.

# PARTNERS

**ANDREW L. BARROWAY**, co-managing partner of the firm, received his law degree from the University of Pennsylvania Law School, where he was a member of the ABA Negotiation team. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Barroway frequently lectures on securities class action and lead plaintiff issues, and recently spoke at the 2005 Institutional Investor Hedge Fund Workshop in New York City and the Public Funds Summit 2005 in Phoenix, Arizona. Mr. Barroway has been actively involved in all aspects of litigation on behalf of the firm, and co-manages the firm's securities department. Of his numerous successful representations of shareholders, the following stand out as exceptional:

*In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002):*

Schiffrin Barroway Topaz & Kessler served as sole Lead Counsel in this action on behalf of an institutional investor and recently received final approval of a settlement consisting of $20 million in cash and 6,551,725 shares of IPG common stock. As of February 2005, the stock had an approximate value of $87 million, resulting in a total settlement value of approximately $107 million. In granting its approval, the Court praised Schiffrin Barroway Topaz & Kessler for acting responsibly and noted the firm's professionalism, competence and contribution to achieving such a favorable result.

*In re Digital Lightwave, Inc. Securities Litigation, Consolidated Case No. 98-152-CIV-T-24E (M.D. Fla. 1999):*

The firm served as Co-Lead Counsel in one of the nation's most successful securities class actions. After extensive litigation and negotiations, a settlement consisting primarily of stock ultimately grew to a value of over $170 million between the time in which the settlement was negotiated and the time at which it was distributed. Schiffrin Barroway Topaz & Kessler took on the primary role in negotiating the terms of the equity component, insisting that the class have the right to share in any upward appreciation in the value of the stock after the settlement was reached. This recovery represented an astounding approximately two hundred percent (200%) of class members' losses. Schiffrin Barroway Topaz & Kessler believes that this represents the largest percentage recovery for shareholders in securities class action history.

Mr. Barroway, along with his partner, Mr. Kessler, has also negotiated substantial settlements of securities class actions in which Schiffrin Barroway Topaz & Kessler was Lead or Co-Lead Counsel against Pinnacle Holdings, Cell Pathways, Gateway, Mercator and NetSolve. Mr. Barroway currently represents numerous public pension funds, private investment funds, money management firms, and individuals in securities fraud litigation as Lead or Co-Lead Counsel.

**MARC A. TOPAZ**, a senior partner of the firm, received his law degree from Temple University School of Law, where he was an editor of the Temple Law Review and a member of the Moot Court Honor Society. He also received his Master of Law (L.L.M.) in taxation from the New York University School of Law, where he served as an editor of the New York University Tax Law Review. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Topaz oversees the firm's derivative and transactional departments. Mr. Topaz has been heavily involved in the firm's cases related to the subprime mortgage crisis. The firm has initiated cases seeking recovery on behalf of shareholders in companies affected by the subprime crisis, as well as cases seeking recovery for 401K plan participants that have suffered losses in their retirement plans. Mr. Topaz has also been involved in the firm's option backdating litigation. These cases which are pled mainly as derivative claims or as securities law violations, have served as an important vehicle both for re-pricing erroneously issued options and providing for meaningful corporate governance changes. Mr. Topaz has been involved in many of the firm's prominent cases, including, In re Initial Public Offering Securities Litigation, Wanstrath v. Doctor R. Crants, et al., and In re Oppenheimer Capital, L.P., Unitholders Litigation.

**DAVID KESSLER**, co-managing partner of the firm, graduated with distinction from the Emory School of Law. He is licensed to practice in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of

735236.1

Pennsylvania and the United States District Court for the District of New Jersey. Prior to practicing law, Mr. Kessler was a Certified Public Accountant in Pennsylvania. Mr. Kessler is also manages the firm's nationally recognized securities department. In addition, Mr. Kessler often lectures on securities litigation. Mr. Kessler has achieved the following outstanding results in federal securities cases:

### *In re Tyco International, Ltd. Sec. Lit.,No. 02-1335-B (D.N.H. 2002):*

SBTK, which served as Co-Lead Counsel in this highly publicized securities fraud class action on behalf of a group of institutional investors, achieved a record $3.2 billion settlement with Tyco International, Ltd. ("Tyco") and their auditor PricewaterhouseCoopers, LLP ("PwC"). The $2.975 billion settlement with Tyco represents the single-largest securities class action recovery from a single corporate defendant in history. In addition, the $225 million settlement with PwC represents the largest payment PwC has ever paid to resolve a securities class action and is the second-largest auditor settlement in securities class action history.

As presiding Judge Paul Barbadoro aptly stated in his Order approving the final settlement, "[i]t is difficult to overstate the complexity of [the litigation]." Judge Barbadoro noted the extraordinary effort required to pursue the litigation towards its successful conclusion, which included the review of more than 82.5 million pages of documents, more than 220 depositions and over 700 hundred discovery requests and responses. In addition to the complexity of the litigation, Judge Barbadoro also highlighted the great risk undertaken by Co-Lead Counsel in pursuit of the litigation, which he indicated was greater than in other multi-billion dollar securities cases and "put [Plaintiffs] at the cutting edge of a rapidly changing area of law."

In sum, the Tyco settlement is of historic proportions for the investors who suffered significant financial losses and it has sent a strong message to those who would try to engage in this type of misconduct in the future. Mr. Kessler played a primary role in shepherding this most complex of settlements through final approval by the Court.

### *In re Tenet Healthcare Corp. Securities Litigation, No. CV-02-8462-RSWL (Rx) (C.D. Cal. 2002):*

SBTK serves as co-lead counsel on behalf of the State of New Jersey and its Division of Investment against Tenet Healthcare Corp. and certain of its former officers and directors. Among other things, the Lead Plaintiff alleges that defendants made a series of materially false or misleading statements and omissions concerning Tenet's business model and financial health from January 11, 2000 through November 7, 2002. After defeating defendants' motions to dismiss and performing substantial document and deposition discovery, a settlement was reached with Tenet and its insurance carriers (for $215 million) and certain individuals ($1.5 million) which was approved by the Court. In addition to the substantial cash recovery, the prosecution of this action has played a prominent role in Tenet's initiation of sweeping corporate governance reforms which have led to Tenet being ranked by various institutional rating entities as among the best corporations in America for its corporate governance. The case is continuing against KPMG as summary judgment motions were recently denied.

### *In re Initial Public Offering Securities Litigation, Master File No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002):*

Mr. Kessler is presently heading up the firm's litigation efforts in its prominent position as an Executive Committee member in this action. Of the sixty plaintiffs firms which originally filed

735236.1

actions in these coordinated proceedings, Schiffrin Barroway Topaz & Kessler was one of only six selected to serve on the Executive Committee. The coordinated actions, which have been filed against 309 separate issuers of publicly traded securities, challenge the legality of the practices which accompany the allocations of shares in initial public offerings. In addition to suing the issuers of such securities, the 309 coordinated actions also name as defendants the primary investment banking firms which underwrote the offerings. This case, which has received a great deal of national and international media attention, is widely considered the largest securities class action litigation in history.

### *In re PNC Financial Services Group, Inc. Litigation, Case No. 02-CV-271 (W.D. Pa. 2002):*

SBTK served as Co-Lead Counsel and was instrumental in obtaining a $30 million recovery for class members from PNC and the assignment of certain claims it may have had against its audit and other third party law firms and insurance companies, with respect to an alleged fraudulent scheme wherein non-performing assets were removed from PNC's books and transferred to special purpose entities that PNC allegedly still controlled. An additional $6.6 million was recovered from the insurance company and the law firms and an agreement in principle has now been reached with the audit to resolve all claims for another $9.075 million, providing for a total recovery from the securities litigation of $45.675 million upon approval of the auditor settlement. When coupled with the $156 million restitution fund established through government actions against some of the same defendants and third parties, the total recovery for class members exceeds $200 million.

**JOSEPH MELTZER**, a partner of the firm, concentrates his practice in the areas of ERISA and antitrust complex litigation. He is licensed to practice law in Pennsylvania and New Jersey and is admitted to practice before numerous United States District Courts and United States Courts of Appeals, including the United States Court of Appeals for the Third Circuit.

Mr. Meltzer manages the firm's ERISA Litigation Department, which has excelled in the highly specialized area of prosecuting claims on behalf of retirement savings plans. Mr. Meltzer is lead counsel in several pending nationwide class actions brought under ERISA, including *Lewis v. El Paso Corp.* (S.D. Tex.); *In re Sears, Roebuck & Co. ERISA Litigation* (N.D. Ill.); *In re Loral Space ERISA Litigation* (S.D.N.Y.) and *In re Schering-Plough Corp. ERISA Litig.,* where the firm obtained an important ruling from the Third Circuit reversing the District Court's dismissal and confirming the rights of pension plan participants to pursue these claims. *See* 420 F.3d 231, *amended by* No. 04-CV-3073, 2005 U.S. App. LEXIS 19826 (3d Cir., Sept. 15, 2005). He is a frequent lecturer on ERISA litigation and employee benefits issues, is a member of the ABA's Section Committee on Employee Benefits and has been recognized by numerous courts for his ability and expertise in this complex area of the law. Since helping to establish the ERISA Litigation Department, Mr. Meltzer has recovered well over $250 million for retirement plan participants, including in the following prominent cases:

*In re AOL Time Warner ERISA Litig.,* C.A. No. 02-8853 (S.D.N.Y.): The firm served as Co-Lead Counsel in one of the most successful ERISA class actions. Following extensive litigation, including motions for summary judgment, Mr. Meltzer helped negotiate a settlement of $100 million for a class of retirement plan participants. To date, this is the second largest settlement for a case of this type and the largest in a case involving a non-bankrupt company.

*In re Global Crossing Ltd. ERISA Litig.,* No. 02-7453 (S.D.N.Y.): The firm served as Co-Lead Counsel in one of the earliest ERISA class actions involving employer securities and seeking relief under ERISA sec. 502(a)(2). After extensive litigation and complex negotiations, the firm

helped secure a recovery of over $78 million for retirees whose nest eggs were badly impacted by the collapse of Global Crossing.

Mr. Meltzer also manages the firm's Antitrust Department and serves as lead counsel in numerous nationwide antitrust actions where he represents such clients as the Pennsylvania Turnpike Commission, the Southeastern Pennsylvania Transportation Authority (SEPTA) and the Sidney Hillman Health Center of Rochester. As lead counsel, he has helped obtain several multi-million dollar settlements, including settlements in *In re Remeron Antitrust Litigation*, 02-CV-2007 (D.N.J.) ($36 million settlement) and *In re Augmentin Antitrust Litigation*, 02-442 (E.D. Va.) ($29 million settlement). Mr. Meltzer also lectures on issues related to antitrust litigation and is a member of the ABA's Section Committee on Antitrust Law.

In addition to the ERISA Litigation and Antitrust Departments, Mr. Meltzer manages the firm's Consumer Fraud Department. An honors graduate of the University of Maryland, he received his law degree with honors from Temple University School of Law. Prior to joining Schiffrin & Barroway, Mr. Meltzer practiced at Barrack, Rodos & Bacine in Philadelphia, where he had prominent roles in prosecuting several complex class actions to successful conclusions and also defended clients in antitrust and commercial litigation.

**KATHARINE M. RYAN,** a partner of the firm, graduated *cum laude* from Villanova University School of Law in May 1984. Ms. Ryan is admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the Court of Appeals for the Third Circuit and the United States Supreme Court. Ms. Ryan recently participated as a speaker in a legal teleconference entitled "Is the PSLRA's Safe Harbor Provision Safe?" Ms. Ryan is actively involved in litigating several of the firm's most prominent cases and was integral in the excellent results achieved in the following cases:

### *In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002):*

Schiffrin Barroway Topaz & Kessler served as sole Lead Counsel in this action on behalf of an institutional investor and recently received final approval of a settlement consisting of $20 million in cash and 6,551,725 shares of IPG common stock. As of February 2005, the stock had an approximate value of $87 million, resulting in a total settlement value of approximately $107 million. In granting its approval, the Court praised Schiffrin Barroway Topaz & Kessler for acting responsibly and noted the firm's professionalism, competence and contribution to achieving such a favorable result.

### *In re New Power Holdings, Inc. Securities Litigation, No. 02 Civ. 1550 (S.D.N.Y. 2002):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel and was instrumental in obtaining a recovery of $41 million in cash for class members against a bankrupt company, certain of its officers and directors and the underwriters of the Company's offering. Claims involved New Power, an offshoot of Enron, that was formed to re-enter the deregulated energy market and pursued an IPO with no viable plan to hedge against volatile energy prices.

**STUART L. BERMAN**, a partner of the firm, received his law degree from George Washington University National Law Center, and his undergraduate degree from Brandeis University. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Mr. Berman

735236.1

manages the firm's lead plaintiff department and has been instrumental in courts appointing many of the firm's institutional and individual clients as lead plaintiffs in important cases, such as:

*In re Tenet Healthcare Corp. Securities Litigation, No. CV-02-8462- RSWL (C.D. Cal. 2002),*

*State of New Jersey and its Division of Investment v. Sprint Corporation, et al., No. 2:03-CV-02071-JWL (D. Kan. 2003),*

*In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002), State of New Jersey and Its Division of Investment v. Sprint Corporation, et al., No. 03-2071-JWL (D. Kan. 2003),*

*In re Delphi Corp. Sec. Litig., 1:05-CV-2637 (NRB) (S.D.N.Y. 2005);*

*In re Vaxgen Inc. Securities Litigation, No. C 03-01129 JSW (N.D. Cal. 2003),*

*In re American Business Financial Services, Inc., No. 04- 0265 (E.D. Pa. 2004)*

*In re Autobytel, Inc. Securities Litigation, No. CV04-8987 MMM (JWJx) (C.D. Cal. 2004).*

Mr. Berman represents and works with institutional investors worldwide in securities litigation and other related matters. In addition, Mr. Berman is a frequent speaker on securities issues, especially as they relate to institutional investors, and has been a speaker at such events as The European Pension Symposium in Florence, Italy; the Public Funds Symposium 2005 in Washington, D.C.; the Pennsylvania Public Employees Retirement (PAPERS) Summit in Harrisburg, Pennsylvania; and the New England Pension Summit in Newport, Rhode Island; the Rights and Responsibilities for Institutional Investors 2006 in Amsterdam, Netherlands; and the European Investment Roundtable 2006 in Barcelona, Spain. He speaks with institutional investors located around the world regarding their rights and obligations associated with securities fraud class actions and individual actions. Mr. Berman works closely with the firm's institutional investors and counsels them on fulfilling their fiduciary obligations and exercising their rights in all types of securities related actions.

Mr. Berman has specialized in the area of securities litigation for the past nine years. He is particularly proud of the results achieved in In re AremisSoft Corp. Sec. Litig., C.A. No. 01-CV-2486 (D.N.J. 2002), a case on which Mr. Berman and his partner, Richard Schiffrin, have worked extensively. This case was exceedingly complicated, as it involved the embezzlement of hundreds of millions of dollars by former officers of the Company, some of whom are now fugitives. In settling the action, Schiffrin Barroway Topaz & Kessler, as sole Lead Counsel, assisted in reorganizing AremisSoft as a new Company which allowed for it to continue operations, while successfully separating out the securities fraud claims and the bankrupt Company's claims into a litigation trust. The Settlement, which was approved by the Court, called for the class to receive the majority of the equity in the new Company, as well as their pro rata share of all amounts recovered by the litigation trust. The Court-appointed co-trustees, Joseph P. LaSala, Esq. and Fred S. Zeidman, retained Schiffrin Barroway Topaz & Kessler to continue prosecuting the actions on behalf of the litigation trust. After extensive litigation in the Isle of Man, including the successful freezing of more than $200 million of stolen funds, the trust recently settled its action against one of the principal wrongdoers and recovered approximately

735236.1

$200 million. Thus far, the trust has distributed to beneficiaries of the trust more than 28% of their recognized losses (excluding the value of the equity of the new Company), and is poised to recover even more. Recently, the trust commenced further litigation in Cyprus, where it obtained a Mareva injunction and interim ancillary relief against bank accounts and assets owned and/or controlled by the other principal wrongdoer.

**GREGORY M. CASTALDO**, a partner of the firm, received his law degree from Loyola Law School, where he received the American Jurisprudence award in legal writing. He received his undergraduate degree from the Wharton School of Business at the University of Pennsylvania. He is licensed to practice law in Pennsylvania and New Jersey. Mr. Castaldo has been actively involved in litigating the following cases:

### *In re Tenet Healthcare Corp., 02-CV-8462 (C.D. Cal.):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that Tenet Healthcare and certain of its officers and directors defrauded Medicare out of hundreds of millions of dollars, materially overstated Tenet's revenues, and performed unnecessary cardiac surgeries to increase the Company's earnings. After three years of hard-fought litigation and complex mediation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement involving a $216.5 million payment from Tenet and the Company's former CEO and COO, and specific corporate governance improvements.

### *In re Liberate Technologies Securities Litigation, No. C-02-5017 (MJJ) (N.D. Cal. 2005):*

Plaintiffs alleged that Liberate engaged in fraudulent revenue recognition practices to artificially inflate the price of its stock, ultimately forcing it to restate its earning. As sole Lead Counsel, Schiffrin Barroway Topaz & Kessler successfully negotiated a $13.8 million settlement, which represents almost 40% of the damages suffered by the class. In approving the settlement, the district court complimented Lead Counsel for its "extremely credible and competent job."

### *In re Sodexho Marriott Shareholders Litigation,*

Consol. C.A. No. 18640-NC, Delaware Chancery Court, in which Class Counsel was partially responsible for creating an aggregate financial benefit of approximately $166 million for members of the class.

Mr. Castaldo is also presently *State of New Jersey and Its Division of Investment v. Sprint Corporation, et al.,* No. 03-2071-JWL (D. Kan. 2003) among other actions.

**MICHAEL K. YARNOFF**, a partner of the firm, received his law degree from Widener University School of Law. Mr. Yarnoff is licensed to practice law in Pennsylvania, New Jersey, and Delaware and has been admitted to practice before the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey. He serves in the firm's securities litigation department and has been actively involved in a number of federal securities cases in which outstanding results were achieved, including the following:

*In re CVS Corporation Securities Litigation, C.A. No. 01-11464 JLT (D.Mass.):*

After more than three years of contentious litigation and a series of protracted mediation sessions, Schiffrin Barroway Topaz & Kessler, LLP, serving as co-lead counsel, secured a $110 million recovery for class members in the CVS Securities Litigation. Specifically, the suit alleged that CVS violated accounting practices by delaying discounts on merchandise in an effort to prop up its earnings. In addition, the suit charged that in 2001, the Company and its Chief Executive Officer, Thomas M. Ryan, improperly delayed announcement of its intention to close approximately 200 underperforming stores, and that an industry-wide pharmacist shortage would have a materially negative impact on the Company's performance. Settlement was reached just days prior to the commencement of trial, and shortly after the district court had denied the defendants' motions for summary judgment. This substantial recovery, which represents the third-largest settlement in a securities class action case in the First Circuit, received final approval from District Judge Joseph Tauro on September 27, 2004.

*In re InfoSpace, Inc. Securities Litigation, Master File No. C-01-0913-Z (D. Wash. 2001):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs alleging that InfoSpace and certain of its officers and directors overstated revenues by using improper accounting methods, overstated the demand for InfoSpace's wireless services, misstated InfoSpace's financial relationships with major customers, and falsely represented that InfoSpace would receive subscription fees from users of web-enabled cell phones. After two years of hard-fought litigation and complex mediation, a settlement of $34.3 million was obtained for members of the class.

*In re Riverstone Networks, Inc. Securities Litigation, Case No. CV-02-3581 (N.D. Cal. 2002):*

Schiffrin Barroway Topaz & Kessler served as Lead Counsel on behalf of plaintiffs alleging that Riverstone and certain of its officers and directors sought to create the impression that the Company, despite the industry-wide downturn in the telecom sector, had the ability to prosper and succeed and was actually prospering. In that regard, plaintiffs alleged that defendants issued a series of false and misleading statements concerning the Company's financial condition, sales and prospects, and used inside information to personally profit. After extensive litigation, the parties entered into formal mediation with the Honorable Charles Legge (Ret.). Following five-months of mediation, the parties reached a settlement of $18.5 million.

**DARREN J. CHECK**, a partner of the firm, concentrates his practice in the area of securities litigation and institutional investor relations. He is a graduate of Franklin & Marshall College where he received a degree in History, *with honors*. Mr. Check received his law degree from Temple University School of Law and is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey, and the United States District Court for the District of Colorado. Mr. Check began his career at Schiffrin Barroway Topaz & Kessler by working extensively with partner David Kessler on In re Initial Public Offering Securities Litigation, No. 21 MC 92 (SAS) (S.D.N.Y. Dec. 12, 2002), widely considered the largest securities class action in history.

Currently, Mr. Check concentrates his time as the firm's Director of Institutional Relations. He consults with institutional investors from around the world regarding their rights and responsibilities with respect to their investments and taking an active role in shareholder litigation. Mr. Check assists clients in evaluating what systems they have in place to identify and

735236.1

monitor shareholder litigation that has an affect on their investments, and also assists them in evaluating the strength of such cases and to what extent they may be affected by the conduct that has been alleged. He currently works with clients in the U.S., Canada, United Kingdom, France, Italy, Sweden, Denmark, Finland, Norway, Germany, Austria, and the Netherlands. Mr. Check regularly speaks on the subjects of shareholder litigation, corporate governance, investor activism, and how Schiffrin Barroway Topaz & Kessler's services can be of use to investors. Recently, Mr. Check spoke at the MultiPensions 2005 Conference in Amsterdam, Netherlands; the 2005 European Pension Symposium in Florence, Italy; the Public Funds Summit 2005 in Phoenix, Arizona; the European Investment Roundtable in Barcelona, Spain; The Rights & Responsibilities Of Institutional Investors: European and U.S. Approaches To Active Ownership in Amsterdam, Netherlands; the Corporate Governance & Responsible Investment Summit, Stockholm, Sweden; Pension Fund Investment World – Germany in Frankfurt, Germany; and the 2007 European Pension Symposium in Lisbon, Portugal.

**ANDREW L. ZIVITZ,** a partner of the firm, received his law degree from Duke University School of Law, and received a Bachelor of Arts degree, with distinction, from the University of Michigan, Ann Arbor. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Zivitz practiced with the Philadelphia law firms of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP and Drinker Biddle & Reath, LLP, where he litigated complex commercial and environmental matters.

Mr. Zivitz is admitted to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Mr. Zivitz concentrates his practice in the area of securities litigation, and is Lead or Co-Lead Counsel in several of the largest class action securities cases currently pending nationwide. In addition, Mr. Zivitz has been actively involved in a number of federal securities cases in which outstanding results were achieved, including the following:

*In re Tenet Healthcare Corp., 02-CV-8462 (C.D.Cal.):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that Tenet Healthcare and certain of its officers and directors defrauded Medicare out of hundreds of millions of dollars, materially overstated Tenet's revenues, and performed unnecessary cardiac surgeries to increase the Company's earnings. After three years of hard-fought litigation and complex mediation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement involving a $216.5 million payment from Tenet and the Company's former CEO and COO, and specific corporate governance improvements.

*In re Computer Associates, No. 02-CV-1226 (E.D.N.Y.):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that Computer Associates and certain of its officers misrepresented the health of the company's business, materially overstated the company's revenues, and engaged in illegal insider selling. After nearly two years of litigation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement of $150 million from the company.

*In re McLeod USA Inc., No. C02-0001-MWB (N.D. Iowa):*

Schiffrin Barroway Topaz & Kessler served as Co-Lead Counsel on behalf of plaintiffs, alleging that McLeod USA and certain of its officers misrepresented the health and prospects of the company's business. After more than three years of litigation, Schiffrin Barroway Topaz & Kessler helped obtain a settlement of $30 million from the defendants.

### In re Ligand Pharmaceuticals, Inc., 04-CV-1620-DMS (S.D. Cal):

Schiffrin Barroway Topaz & Kessler served as Lead Counsel and was instrumental in obtaining a recovery of $8.0 million for class members against Ligand Pharmaceuticals and certain of its officers. Plaintiffs brought claims against the defendants on the grounds that they touted the financial condition of the company and their ability to predict and monitor inventory returns when, in fact, the Company's revenues and earnings were artificially inflated and defendants had no ability to meaningfully predict or gauge inventory returns.

### In re Aon Corp., No. 02-CV-5631 (N.D. Ill.):

Schiffrin Barroway Topaz & Kessler served as Lead Counsel and was instrumental in obtaining a recovery of $7.25 million for class members against Aon Corp. and certain of its officers. Plaintiffs brought claims against the defendants on the grounds that they touted the prospects and successes of the company's multi-million dollar "Business Transformation Plan," when in fact they knew that the plan was damaging the company's business.

**SEAN M. HANDLER**, a partner of the firm, received his Bachelor of Arts degree from Colby College, graduating *with distinction* in American Studies. Mr. Handler then earned his Juris Doctor, *cum laude*, from Temple University School of Law.

After law school, Mr. Handler practiced labor law at Reed Smith, LLP in Philadelphia. Since joining Schiffrin Barroway Topaz & Kessler, Mr. Handler has concentrated his practice in the area of securities litigation, with a particular emphasis on client development, litigation strategy and lead plaintiff litigation. In this role, Mr. Handler has been responsible for numerous reported decisions.

In addition to these responsibilities, Mr. Handler also spends considerable time litigating ongoing securities litigation matters on behalf of institutional clients, including:

### In re Delphi Corporation Securities Litigation, No. 06-10026 (GER) (E.D. MI.)

### Smajlaj v. Brocade Communications Systems, Inc., et al., No. 05-cv-02042 (CRB) (N.D. Cal.)

### State of New Jersey and Its Division of Investment v. Sprint Corporation, et al., No. 03-2071-JWL (D. Kan. 2003).

**JOHN A. KEHOE**, a partner of the firm, received his B.A. from DePaul University, and an M.P.A., *with high honors*, from the University of Vermont. He earned his J.D., *magna cum laude*, from Syracuse University College of Law, where he was an Associate Editor of the Syracuse Law Review, Associate Member of the Moot Court Board, and Alternate Member of the National Appellate Team.

During his legal career, Mr. Kehoe has litigated high profile securities and antitrust actions in federal and state courts, including *Ohio Public Employees Retirement System et al. v. Freddie*

735236.1

*Mac et al.*, 03-CV-4261 (S.D.N.Y) (resulting in a $410 million combined class and derivative settlement); *In re Bristol-Myers Squibb Sec. Litig.*, 02-CV-2251 (S.D.N.Y) (resulting in a $300 million class settlement); *In re Adelphia Communications Corp. Sec. & Der. Litig.*, No. 03 MD 1529 (S.D.N.Y) ( resulting in a $460 million class settlement); and *In re Vitamins Antitrust Litig.*, MDL No. 1285 (D.D.C) (resulting in more than $2 billion in federal and state class and direct action settlements).

Mr. Kehoe is currently among the lead trial attorneys representing individual and institutional investors in 309 separate class actions that have been consolidated for pretrial purposes in *In re Initial Public Offering Sec. Litig.*, No. 21 MC 92 (S.D.N.Y.) ( resulting in over $1 billion in class settlements with additional claims pending against various underwriter defendants). He is also serving as lead or co-lead counsel in *Reynolds v. Repsol YPF S.A.*, 06-CV-00733 (S.D.N.Y.); *Mizzaro v. Home Depot Inc.*, 06-CV-1151 (N.D. Ga.); and *In re AremisSoft Corp. Sec. Litig.*, 01-CV-2486 (D.N.J).

Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Kehoe spent six years as an associate at Clifford Chance LLP, where he represented Fortune 500 corporations and their officers and directors in complex commercial litigation and in actions brought by the Department of Justice, the Securities and Exchange Commission and the Federal Trade Commission.

Mr. Kehoe is a member of the Association of the Bar of the City of New York and the New York Bar Association and is admitted to practice before the courts of New York State (1999) and the U.S. District Court for the Southern District of New York (2000).

**LEE D. RUDY**, a partner of the firm, received his law degree from Fordham University in 1996. In law school he was a senior editor of the Fordham Urban Law Journal and published *A Procedural Approach to Limited Public Forum Cases*, 22 Ford. Urb. L.J. 1255 (1995). He received his undergraduate degree, *cum laude*, from the University of Pennsylvania in 1992. Mr. Rudy is licensed to practice law in Pennsylvania and New York. From 1996 to 2002, Mr. Rudy was an Assistant District Attorney in the Manhattan District Attorney's Office, where he prosecuted dozens of felony jury trials to verdict. From 2003 to 2005, Mr. Rudy was an Assistant United States Attorney in the District of New Jersey, where he investigated and prosecuted numerous fraud and violent crime cases, and where he tried several major fraud cases to verdict in federal court. Mr. Rudy co-manages the firm's mergers and acquisition and shareholder derivative litigation department along with Marc Topaz and Eric Zagar.

**KAY E. SICKLES**, a partner of the firm, received her law degree from the University of Pennsylvania School of Law. She received her undergraduate degree from Colgate University, graduating, *with honors,* from the History department. Prior to joining the firm, Ms. Sickles was an associate with Sandals & Langer, LLP, where she litigated complex class actions arising out of violations of the ERISA and antitrust statutes. She is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the Ninth and Seventh Circuit Courts of Appeal, the United States District Court for the Eastern District of Pennsylvania, and the United States District Court for the District of New Jersey.

Ms. Sickles concentrates her practice in the area of securities litigation and specializes in settlement matters. She has played a lead role in effectuating some of the most significant settlements of securities class action in recent years, including the partial settlement with Tenet Healthcare Corp. and certain officer of that corporation for $216.5 million in *In re Tenet Healthcare Corp. Sec. Litig.*, No. CV-02-8462-RSWL (Rzx) (C.D. Ca. 2006); the settlement for

cash and common stock worth over $90 million in *In re Interpublic Sec. Litig.*, Civ. 6527 (DLC) (S.D.N.Y. 2004); and the settlements for securities worth over $133.5 million in *In re Computer Associates Class Action Securities Litigation*, Master File No. 98 Civ. 4839 (TCP) and *In re Computer Associated 2002 Cass Action Securities Litigation*, Master File No., 02-CV-1226 (TCP) (E.D.N.Y.).

**ERIC L. ZAGAR**, a partner of the firm, received his law degree from the University of Michigan Law School, *cum laude*, where he was an Associate Editor of the Michigan Law Review. He has practiced law in Pennsylvania since 1995, and previously served as a law clerk to Justice Sandra Schultz Newman of the Pennsylvania Supreme Court. He is admitted to practice in Pennsylvania.

Mr. Zagar concentrates his practice in the area of shareholder derivative litigation. Mr. Zagar has served as Lead or Co-Lead counsel in numerous derivative actions in courts throughout the nation, including *David v. Wolfen*, Case No. 01- CC-03930 (Orange County, CA) (Broadcom Corp. Derivative Action); *In re PolyMedica Corporation Shareholder Derivative Litigation*, Case No. 01-3446 (Middlesex County, MA); *In Re Dynacq Int'l. Shareholder Derivative Litigation*, Case No. 2002- 07135 (Harris County, TX); and *Castillo v. Cavallaro, et al.*, Case No. A467663 (Clark County, NV) (Station Casinos, Inc. Class and Derivative Action). Mr. Zagar has successfully achieved significant monetary and corporate governance relief for the benefit of shareholders, and has extensive experience litigating matters involving Special Litigation Committees.

**EDWARD W. CIOLKO**, a partner of the firm, received his law degree from Georgetown University Law Center, and an MBA from the Yale School of Management. He is licensed to practice law in the State of New Jersey, and has been admitted to practice before the United States District Court for the District of New Jersey. Mr. Ciolko concentrates his practice in the areas of ERISA, Antitrust, RESPA and Consumer Protection.

Mr. Ciolko is counsel in several pending nationwide ERISA breach of fiduciary duty class actions, brought on behalf of retirement plans and their participants alleging, inter alia, imprudent investment of plan assets which caused significant losses to the retirement savings of tens of thousands of workers. These cases include: In re *Beazer Homes USA, Inc. ERISA Litig.*, 07-CV-00952-RWS (N.D. Ga.); Nowak v. Ford Motor Co., 240 F.R.D. 355 (E.D. Mich.); *Gee v. UnumProvident Corp.*, 03-1552 (E.D. Tenn.); *Pettit v. JDS Uniphase Corp.* et al, C.A. No. 03-4743 (N.D. Ca.); Hargrave v. TXU, et al., C.A. No. 02-2573 (N.D. Tex.); Evans v. Akers, C.A. No. 04-11380 (D. Mass); *Lewis v. El Paso Corp.* (S.D. Tex.); and In re *Schering-Plough Corp. ERISA Litig.*, where the firm obtained an important ruling from the Third Circuit reversing the District Court's dismissal and confirming the rights of pension plan participants to pursue these claims. See 420 F.3d 231, amended by No. 04-CV-3073, 2005 U.S. App. LEXIS 19826 (3d Cir., Sept. 15, 2005). Mr. Ciolko's efforts have helped achieve a number of large recoveries for affected retirement plan participants. See, e.g., In re *Sears, Roebuck & Co. ERISA Litig.*, C.A. No. 02-8324 (N.D. Ill.)(SBTK helped obtain a $14.5 million recovery); In re *Honeywell Intern'l ERISA Litig.*, No. 03-CV-1214 (DRD) (D.N.J. 2004) (SBTK obtained a $14 million recovery as well as significant structural relief regarding the plan's administration and investment of its assets).

Mr. Ciolko has also concentrated part of his practice to the investigation and prosecution of pharmaceutical antitrust actions, medical device litigation, and related anticompetitive and unfair business practices. Specific examples include: In re Wellbutrin SR Antitrust Litigation; In re

Remeron End-Payor Antitrust Litigation; In re Modafinil Antitrust Litigation; (involving brand name drug manufacturers' attempts to block entry of lower-priced generic alternatives through sham patent litigation or "payoffs" to generic manufacturers); In re Medtronic, Inc. Implantable Defibrillator Litigation; and, In re Guidant Corp. Implantable Defibrillator Litigation ("end-payor" action against manufacturers of defective medical devices – pacemakers/implantable defibrillators -- for costs of removal and replacement).

Before coming to SBTK, Mr. Ciolko worked for two and one-half years as a Law Clerk and Attorney Advisor to Commission Sheila F. Anthony of the Federal Trade Commission ("FTC"). While at the FTC, Mr. Ciolko reviewed commission actions/investigations and counseled the Commissioner on a wide range of antitrust and consumer protection topics including, in pertinent part: the confluence of antitrust and intellectual property law; research and production of "Generic Drug Entry Prior to Patent Expiration: An FTC Study," and the prosecution of an administrative complaint against, among others, Schering- Plough Corporation regarding allegedly unlawful settlements of patent litigation which delayed entry of a generic alternative to a profitable potassium supplement (K-Dur).

# ASSOCIATES AND OTHER PROFESSIONALS

**JULES D. ALBERT**, an associate of the firm, received his J.D. in 2005 from the University of Pennsylvania Law School, where he was a Senior Editor of the University of Pennsylvania Journal of Labor and Employment Law and recipient of the James Wilson Fellowship. Mr. Albert also received a Certificate of Study in Business and Public Policy from The Wharton School at the University of Pennsylvania. Mr. Albert graduated *magna cum laude* with a Bachelor of Arts in Political Science from Emory University. Mr. Albert is licensed to practice law in Pennsylvania, and concentrates his practice in the mergers and acquisitions and stockholder derivative actions department.

**KATIE L. ANDERSON**, an associate of the firm, received her law degree from Widener University School of Law. She received her undergraduate degree from the University of Pittsburgh. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Anderson served as a Deputy Attorney General for the Pennsylvania Office of Attorney General, Bureau of Consumer Protection, where she was responsible for enforcing a wide range of consumer oriented laws.

Ms. Anderson is licensed to practice law in Pennsylvania and is admitted to practice in the United States District Court for the Eastern District of Pennsylvania. She concentrates her practice in the area of mass tort litigation.

**IAN D. BERG**, an associate of the firm, received his J.D. and B.A. from Northwestern University. Mr. Berg concentrates his practice in the area of securities litigation and he plays a significant role in investigating and evaluating potential cases, including proprietary claims and direct actions on behalf of institutional clients. Prior to joining Schiffrin, Barroway, Topaz & Kessler, Mr. Berg primarily practiced in the areas of commercial litigation and land use on behalf of corporations and real estate investment trusts. He is licensed to practice law in Pennsylvania and Illinois.

**ROBERT W. BIELA**, an associate of the firm, received his law degree from the Penn State Dickinson School of Law, where he served on the editorial board of the Environmental Law and Policy Journal. Mr. Biela received his undergraduate degree from West Chester University. Prior to joining the firm, Mr. Biela was an associate at Mager White and Goldstein, LLP. Mr. Biela is licensed to practice law in the Commonwealth of Pennsylvania and the United States District

735236.1

Court for the Eastern District of Pennsylvania. His practice focuses primarily in the area of securities litigation.

**KATHERINE B. BORNSTEIN**, an associate of the firm, received her law degree from Emory University School of Law. Ms. Bornstein received her undergraduate degree from the University of Maryland. She is licensed to practice law in Pennsylvania and Maryland. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Bornstein was an associate at Provost & Umphrey Law Firm, LLP, where she worked on a number of complex litigation issues. Ms. Bornstein concentrates her practice at Schiffrin Barroway Topaz & Kessler in the areas of ERISA, antitrust and consumer protection.

**NICHOLE BROWNING**, an associate of the firm, received her B.A. degree from Emory University in 1994 and her J.D. degree from The American University, Washington College of Law in 1997. Ms. Browning attended the Universidad de Chile in Santiago, Chile in 1995, where she studied human rights law. She completed her final year of law school at Emory University School of Law.

Ms. Browning has spent most of her legal career representing plaintiffs in federal securities fraud and corporate governance claims. At Schiffrin Barroway Topaz & Kessler LLP, Ms. Browning concentrates her practice in the areas of securities litigation and stockholders' derivative actions.

Ms. Browning is admitted to practice law in Georgia and has been admitted to practice before the Eleventh Circuit Court of Appeals, the United States District Court for the Northern District of Georgia, and all Georgia trial and appellate courts. Ms. Browning is the co-author of "Private Securities Litigation Reform Act of 1995 (PSLRA) Update", which was a chapter in the *Class Actions ICLE of Georgia* (2002).

**JONATHAN R. CAGAN**, an associate of the firm, received his law degree from the Temple University School of Law. Mr. Cagan received his undergraduate degree, *cum laude*, from Temple University. Mr. Cagan is licensed to practice law in New Jersey, and is admitted to the Third Circuit Court of Appeals. Mr. Cagan concentrates his practice in the area of securities litigation and specializes in discovery matters.

**ALISON K. CLARK**, an associate of the firm, received her law degree, *cum laude*, from Boston University School of Law, and received her undergraduate degree in Political Science, with honors, from Lehigh University. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Clark was an attorney with a Fairfield County, Connecticut law firm, where she practiced in the areas of civil and commercial litigation, and real estate transactions. Ms. Clark is licensed to practice law in Connecticut, and has been admitted to practice before the United States District Court for the District of Connecticut. Ms. Clark concentrates her practice in the mergers and acquisitions and shareholder derivative department.

**MARK S. DANEK**, an associate of the firm, received his undergraduate degree in Architecture from Temple University in 1996, and his law degree from Duquesne University School of Law in 1999. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Danek was employed as in-house counsel of a real estate investment trust corporation that specialized in the collection of delinquent property tax receivables. He is licensed to practice law in the Commonwealth of Pennsylvania and has been admitted to practice before the Courts of the Commonwealth of Pennsylvania, the United States District Court for the Western District of Pennsylvania and the Supreme Court of the United States of America. Mr. Danek concentrates his practice in the area of securities litigation.

735236.1

**JENNIFER L. ENCK,** an associate of the firm, received her law degree, *cum laude,* from Syracuse University College of Law in 2003 and her undergraduate degree in International Politics from The Pennsylvania State University in 1999. Ms. Enck also received a Masters degree in International Relations from Syracuse University's Maxwell School of Citizenship and Public Affairs. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Enck was an associate with Spector, Roseman & Kodroff, P.C. in Philadelphia, where she worked on a number of complex antitrust, securities and consumer protection cases. Ms. Enck is licensed to practice law in Pennsylvania. She concentrates her practice in the areas of securities litigation and settlement matters.

**ROBERT J. GRAY,** an associate of the firm, received his law degree from the Temple University School of Law. Mr. Gray received Bachelor of Sciences degree from La Salle University with a dual major of Accounting and Finance. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Gray was an associate at Philadelphia boutique litigation firm practicing in the areas of complex commercial litigation and corporate transactions. Mr. Gray also worked as in-house counsel for a small, publicly-traded holding company.

Prior to beginning his law career, Mr. Gray worked as a forensic accountant for six years, conducting a variety of investigations for numerous governmental agencies and law firms. He received his C.P.A. license in 1997.

Mr. Gray is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. He concentrates his practice in the area consumer protection.

**JOHN GROSS,** an associate of the firm, received his law degree from Widener School of Law, and his undergraduate degree from Temple University. Mr. Gross is licensed to practice law in Pennsylvania, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Gross was an insurance defense litigation associate at a large, Philadelphia based firm. Mr. Gross now concentrates his practice in the areas of securities litigation, antitrust litigation and shareholder derivative actions.

**MARK K. GYANDOH,** an associate of the firm, received his undergraduate degree from Haverford College and his law degree from Temple University School of Law. While attending law school Mr. Gyandoh served as the research editor for the Temple International and Comparative Law Journal. He also interned as a judicial clerk for the Honorable Dolores K. Sloviter of the U.S. Court of Appeals for the Third Circuit and the Honorable Jerome B. Simandle of the U.S. District Court for New Jersey. After law school Mr. Gyandoh was employed as a judicial clerk for the Honorable Dennis Braithwaite of the Superior Court of New Jersey Appellate Division.

Mr. Gyandoh is the author of "Foreign Evidence Gathering: What Obstacles Stand in the Way of Justice?," 15 Temp. Int'l & Comp. L.J. (2001) and "Incorporating the Principle of Co-Equal Branches into the European Constitution: Lessons to Be Learned from the United States" found in Redefining Europe (2005). Mr. Gyandoh is licensed to practice in New Jersey and Pennsylvania and concentrates in the area of ERISA, antitrust and consumer protection.

**BENJAMIN J. HINERFELD** is an associate at the firm, and concentrates his work in securities litigation. In 1996, he graduated from the University of Pittsburgh School of Law, where he served as Lead Note and Comment Editor of the Journal of Law and Commerce. From 1996 to

735236.1

1997, he clerked for the Hon. Sandra Schultz Newman of the Supreme Court of Pennsylvania. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Hinerfeld worked in a securities litigation firm in Wilmington, Delaware.

From 2000 to 2003, Mr. Hinerfeld was a writing consultant with the Undergraduate Writing Center at the University of Texas at Austin. During that time he also co-authored, with Dr. Sarah Jane Rehnborg and Catherine Fallon, "Investing in Volunteerism: The Impact of Service Initiatives in Selected Texas State Agencies" a report prepared by The RGK Center for Philanthropy and Community Service, LBJ School of Public Affairs. He received his bachelor's degree from Vassar College and a master's degree in American History from the University of Texas at Austin.

Mr. Hinerfeld is licensed to practice law in Pennsylvania.

**MICHAEL J. HYNES**, an associate of the firm, received his law degree from Temple University School of Law, and is a graduate of Franklin and Marshall College. Mr. Hynes is licensed to practice law in Pennsylvania, New Jersey and Montana, and has been admitted to practice in the United States Court of Appeals for the Ninth Circuit, and the United States District Courts for the Eastern and Middle Districts of Pennsylvania. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Hynes practiced law at Cozen O'Connor, where he concentrated on bankruptcy and commercial litigation. He was an attorney with the Defenders' Association of Philadelphia from 1991 to 1996, where he defended thousands of misdemeanor and felony cases. At Schiffrin Barroway Topaz & Kessler, Mr. Hynes concentrates his practice in the areas of securities litigation and shareholder derivative litigation.

**TARA P. KAO**, an associate of the firm, received her J.D. from Villanova University School of Law, where she was a Managing Editor of Student Works for the Villanova Law Review. Ms. Kao received her Bachelor of Science in Business/Finance, *with honors*, from Carnegie Mellon University. She is licensed to practice law in Pennsylvania, and concentrates her practice in the area of mergers and acquisitions and shareholder derivative actions.

**D. SEAMUS KASKELA,** an associate of the firm, received his law degree from Rutgers School of Law – Camden, and received his undergraduate degree in Sociology from Saint Joseph's University. Prior to graduating from law school and joining Schiffrin Barroway Topaz & Kessler, LLP, Mr. Kaskela was a law clerk with a large Philadelphia law firm, where he worked in the complex civil litigation department. Mr. Kaskela is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania (pending) and the United States District Court for the District of New Jersey. Mr. Kaskela works in the firm's case development department

**JENNIFER L. KEENEY**, an associate of the firm, received her law degree, *cum laude*, from Temple University Beasley School of Law, where she was the Special Projects Editor for the Temple International and Comparative Law Journal. Ms. Keeney earned her undergraduate degree in History, *with honors*, from Washington University in St. Louis in 2003. She is licensed to practice in Pennsylvania and concentrates her practice at Schiffrin Barroway Topaz & Kessler in the area of securities litigation.

**JAMES A. MARO, JR.,** an associate of the firm, received his law degree from the Villanova University School of Law in 2000. He received a B.A. in Political Science from the Johns Hopkins University in 1997. Mr. Maro is licensed to practice law in Pennsylvania and New Jersey and is admitted to practice in the United States District Court for the Eastern District of

735236.1

Pennsylvania. He concentrates his practice in the area of mergers and acquisitions and shareholder derivative actions.

**RICHARD A. MANISKAS**, an associate of the firm, received his law degree from Widener University School of Law, and received his undergraduate degree from the University of Pittsburgh. While in law school, Mr. Maniskas served as Internal Editor of the *Widener Journal of Public Law*. He is licensed to practice law in Pennsylvania and the District of Columbia, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Maniskas works in the firm's case development department.

**LISA MELLAS**, an associate of the firm, received her law degree from the University of Florida College of Law and her undergraduate degree from the University of Florida. Prior to joining Schiffrin Barroway Topaz & Kessler, LLP, Ms. Mellas was an associate at White and Williams, LLP, where she practiced in the Property Department. Ms. Mellas is licensed to practice in New York, New Jersey and Pennsylvania, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the Western District of Pennsylvania, and the District of New Jersey. She concentrates her practice at Schiffrin Barroway Topaz and Kessler in the area of consumer protection and ERISA

**JAMES H. MILLER**, an associate of the firm, received his J.D. in 2005 from Villanova University School of Law, where he was enrolled in Villanova University's J.D./M.B.A. program. Mr. Miller received his Master of Business Administration from Villanova University in 2005, and received his Bachelor of Chemical Engineering from Villanova University in 2002. Mr. Miller is licensed to practice law in Pennsylvania and concentrates his practice in the areas of mergers and acquisitions and shareholder derivative actions.

**CASANDRA A. MURPHY**, an associate of the firm, received her law degree from Widener University School of Law and her undergraduate from Gettysburg College. Prior to joining Schiffrin Barroway Topaz & Kessler, LLP, Ms. Murphy was an associate at Post & Schell, P.C. where she practiced general casualty litigation. Ms. Murphy is licensed to practice in Pennsylvania and New Jersey, and has been admitted to practice before the United State District Court for the Eastern District of Pennsylvania. Ms. Murphy has lectured for the Pennsylvania Bar Institute and the Philadelphia Judicial Conference. She concentrates her practice at Schiffrin Barroway Topaz & Kessler in the areas of consumer protection, ERISA, pharmaceutical pricing and antitrust.

**CHRISTOPHER L. NELSON**, an associate of the firm, received his law degree from Duke University School of Law, and his undergraduate degree in Business, Economics, and the Law from Washington University in St. Louis. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Nelson practiced with the Philadelphia law firm of Berger & Montague, P.C., where he was a securities litigator.

Mr. Nelson is admitted to practice law in the Commonwealth of Pennsylvania, the Supreme Court of the United States, the United States Court of Appeals for the Fourth, Fifth and Ninth Circuits, and the United States District Court for the Eastern District of Pennsylvania.

Mr. Nelson concentrates his practice in the area of securities litigation, and is Lead or Co-Lead Counsel in numerous pending nationwide class action securities cases.

**MICHELLE M. NEWCOMER,** an associate of the firm, received her law degree from Villanova University School of Law. Ms. Newcomer received her undergraduate degrees in

735236.1

Finance and Art History from Loyola College in Maryland in 2002. Ms. Newcomer is licensed to practice law in Pennsylvania and New Jersey. She concentrates her practice at Schiffrin Barroway Topaz & Kessler in the area of securities litigation.

**DAVID PROMISLOFF,** an associate of the firm, received his law degree from the University of Michigan in 2005. While in law school, he served as an associate editor of the Michigan Telecommunications and Technology Law Review. Mr. Promisloff received his undergraduate degree from Emory University in 2002, double majoring in political science and history. Mr. Promisloff is licensed to practice in Pennsylvania, and works in the firm's case development department.

**KAREN E. REILLY,** an associate of the firm, received her law degree from Pace University School of Law, where she was a member of the Moot Court Board and National Moot Court Team. Ms. Reilly received her undergraduate degree from the State University of New York College at Purchase. She is licensed to practice law in Pennsylvania, New Jersey, New York, Connecticut and Rhode Island, and has been admitted to practice before the United States District Courts for the Eastern District of Pennsylvania, District of New Jersey, Southern and Eastern Districts of New York, and the District of Connecticut. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Reilly practiced at Pelino & Lentz, P.C., in Philadelphia, where she litigated a broad range of complex commercial cases. Ms. Reilly concentrates her practice in the area of securities litigation.

**STEVEN D. RESNICK,** an associate of the firm, received his law degree from The Dickinson School of Law of The Pennsylvania State University, and his undergraduate degree, *cum laude*, from West Chester University. Mr. Resnick is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit, the United States District Court for the District of New Jersey and the United States District Court for the District of Nebraska. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Resnick was an associate at the firm of German, Gallagher & Murtagh, where his practice concentrated in the defense of medical malpractice, products liability and premises liability. Mr. Resnick is active in the American Association for Justice and serves on the Board of Governors of the New Lawyers Division. Mr. Resnick has broad experience in Mass Tort litigation and now concentrates his practice in the area of Securities litigation.

**RICHARD A. RUSSO, JR.,** an associate of the firm, received his J.D. from the Temple University Beasley School of Law, cum laude, where he was a member of the Temple Law Review. Mr. Russo received his Bachelor of Science in Business Administration, cum laude, from Villanova University. He is licensed to practice law in Pennsylvania and New Jersey, and concentrates his practice in the area of securities litigation.

**EMANUEL SHACHMUROVE,** an associate of the firm, received his law degree from The University of Michigan Law School, where he was an Associate Editor of the Michigan Journal of Law Reform. Mr. Shachmurove received his Bachelor of Science in Economics, *cum laude*, from The Wharton School at the University of Pennsylvania, where he was a Joseph Wharton Scholar. Mr. Shachmurove concentrates his practice in mergers and acquisitions and shareholder derivative litigation.

**BHARATI O. SHARMA,** an associate of the firm, received her law degree from the American University Washington College of Law, a Master of Public Administration from The George Washington University, and her undergraduate degree from the University of Pittsburgh. Ms.

735236.1

Sharma is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the District of New Jersey.

Ms. Sharma is a former judicial law clerk to the Honorable Stephen Skillman, Superior Court of New Jersey, Appellate Division, and a former member of American University's International Law Review. She is the founder and current President of the South Asian Bar Association of Philadelphia. Ms. Sharma also serves on the Executive Committees of the North American South Asian Bar Association and the Philadelphia Bar Association Young Lawyer's Division.

Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Sharma practiced complex civil litigation at a Philadelphia law firm. She now concentrates her practice in the area of securities litigation.

**BENJAMIN J. SWEET**, an associate of the firm, received his juris doctor from The Dickinson School of Law, and his BA, *cum laude*, from the University Scholars Program of The Pennsylvania State University. While in law school, Mr. Sweet served as Articles Editor of the Dickinson Law Review, and was also awarded Best Oral Advocate in the ATLA Junior Mock Trial Competition. Prior to joining Schiffrin Barroway Topaz & Kessler, Mr. Sweet practiced in the Pittsburgh office of Reed Smith LLP, where he specialized in complex civil litigation. While at Reed Smith, Mr. Sweet co-authored "Assignability of Non-Compete Covenants," 74 Pa. Bar. Q. 64 (April 2003). Mr. Sweet is licensed to practice law in the Commonwealth of Pennsylvania, the United States District Court for the Western District of Pennsylvania and the United States Court of Appeals for the Ninth Circuit.

Mr. Sweet concentrates his practice in the area of securities litigation and has helped obtain several multi-million dollar settlements on behalf of class members in several nationwide federal securities class actions, including *In re CVS Pharmacy, Inc. Secs. Litig.*, No. 01-11464 (D.Mass. 2005) ($110 million recovery for Class members), *In re Zomax Inc. Secs. Litig.*, No. 04-cv-1155 (D.Minn. 2005) (multi-million dollar cash and stock recovery for Class members), *In re Flextronics Int'l Ltd. Secs. Litig.*, No. 03-cv-2102 (N.D. Cal. 2004) ($4.25 million recovery for Class members) and *In re Black Box Corp. Secs. Litig.*, No. 03-cv-412 (W.D. Pa. 2004) (multi-million dollar recovery for Class Members). Mr. Sweet is currently Lead or Co-Lead Counsel in several pending nationwide class action securities cases, including *In re Tyco Int'l Ltd. Secs. Litig.*, MDL Docket No. 02-1335-B (D.N.H.) and *In re PNC Financial Services Group, Inc. Secs. Litig.*, No. 02cv271 (W.D. Pa.).

**MICHAEL C. WAGNER**, is an associate of the firm, received his undergraduate degree in Government from Franklin & Marshall College, and his law degree from the University of Pittsburgh School of Law in 1996. Mr. Wagner is licensed to practice law in Pennsylvania, and he has been admitted to practice in the United States Court of Appeals for the Third Circuit, and United States District Courts for the Eastern and Western Districts of Pennsylvania, for the Eastern District of Michigan, and for the District of Colorado.

Before joining Schiffrin Barroway Topaz & Kessler, Mr. Wagner worked at Rubin, Fortunato & Harbison, a boutique law firm in Paoli, PA, representing Fortune 100 corporations, as well as individuals and small businesses, in employment matters across the country. Mr. Wagner earlier worked for several years at Spector, Gadon & Rosen, in Philadelphia, concentrating his practice in complex commercial and corporate litigation. At Schiffrin Barroway Topaz & Kessler, Mr. Wagner focuses his practice in the areas of securities litigation and shareholder derivative litigation.

**JOSEPH A. WEEDEN**, an associate of the firm, received his law degree from the University of North Carolina School of Law, where he received the Gressman-Politt Award for outstanding oral advocacy. Mr. Weeden also received his undergraduate degree from the University of North Carolina at Chapel Hill, where he was a Joseph E. Pogue Scholar. Prior to joining the firm, Mr. Weeden was an associate at Kaufman & Canoles, P.C., where he practiced in the areas of commercial and business law. Mr. Weeden is licensed to practice law in Virginia, and concentrates his practice in the area of complex ERISA litigation.

**GERALD D. WELLS, III**, an associate of the firm, received his law degree from Temple University School of Law, where he served on the editorial board of the Environment Law & Technology Journal. He is licensed to practice in Pennsylvania and New Jersey and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District Court of New Jersey, and the United States District Court for the Eastern District of Michigan.

Mr. Wells concentrates his practice in the areas of antitrust, ERISA, and consumer protection, and FLSA/overtime litigation and has helped obtain several multi-million dollar settlements on behalf of class members, including the recent settlements in *In re Bristol-Myers Squibb ERISA Litigation*, No. 02-CV-10129 (LAP) ($41.22 million in cash plus structural remedies valued at up to $52 million) and *Falk v. Amerada Hess Corp., et al.*, No. 03-CV-2491-FSH-PS ($2.25 million in cash plus structural remedies valued at up to $23.8 million); and *In re Westar Energy Inc. ERISA Litig.*, No. 03-4032-JAR (D. Kan.) ($9.25 million cash settlement). Mr. Wells currently serves as counsel in several pending nationwide class and collective actions.

**ROBIN WINCHESTER**, an associate of the firm, received her law degree from Villanova University School of Law, and received her undergraduate degree in Finance from St. Joseph's University. Prior to joining Schiffrin Barroway Topaz & Kessler, Ms. Winchester served as a law clerk to the Honorable Robert F. Kelly in the United States District Court for the Eastern District of Pennsylvania. Ms. Winchester is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. She concentrates her practice in the area of shareholder derivative actions.

**TERENCE S. ZIEGLER**, an associate of the firm, received his law degree from the Tulane University School of Law. Mr. Ziegler received a Bachelor of Business Administration degree with a concentration in Finance from Loyola University. Mr. Ziegler is licensed to practice law in the State of Louisiana, and has been admitted to practice before the United States Court of Appeals for the Fifth Circuit, the United States District Court for the Eastern District of Louisiana and the United States District Court for the Middle District of Louisiana. Mr. Ziegler concentrates his practice in the areas of consumer protection, ERISA, pharmaceutical pricing and antitrust.

# OF COUNSEL

**ROBERT M. BRAMSON** has more than twenty-five years of experience in the litigation of antitrust and consumer cases, class actions and other complex litigation. Mr. Bramson received his undergraduate degree in economics, *summa cum laude*, from the University of California at Berkeley in 1977, and obtained his law degree from the Boalt Hall School of Law in 1981. Mr. Bramson is a member of the California Bar.

Mr. Bramson has represented both plaintiffs and defendants in numerous antitrust cases, and has

735236.1

acted as lead counsel in two such actions taken to trial - *Pacific West Cable Co. v. City of Sacramento, et al.* (E.D. Cal.) ($12 Million settlement on 24th day of trial, at close of plaintiff's case; Sherman Act §2 monopolization claims) and *Coleman et al. v. Sacramento Cable Television* (Sacramento Sup. Ct.) ($2.4 Million judgment after 17-day trial; class action/B & P §17200 case; B & P §17204 discriminatory pricing claims).

Mr. Bramson specializes in antitrust, business torts and communications litigation, as well as in class action cases. He served for many years on the Board of Directors of the National Association of Consumer Advocates and co-chaired its class action committee. He is a contributing author to the National Consumer Law Center's publication Consumer Class Actions. He acted as reporter for the National Association of Consumer Advocates in preparing its influential Standards and Guidelines For Consumer Class Actions, 176 F.R.D. 375 (1997).

Mr. Bramson's lecture topics have included "Strategic and Ethical Issues in Litigating 17200 Cases" (Bar Association of San Francisco, San Francisco 2001), "Equitable Remedies In Class Actions and Under California's Section 17200 Statute" (National Association of Consumer Advocates, Chicago 2000), "Ethical Issues Arising in Class Action Settlements" (National Consumer Law Center, Wash. DC and San Diego 1999 and 1998) "California's Business & Professions Code Section 17200" (California Bar Association, Lake Tahoe 1997), "Preparation of Competitive Business Practices Cases" (Continuing Education of the Bar, Sacramento 1997), and "The Cable Communications Policy Act of 1984" (California State University, Fullerton 1993).

In addition to serving as Of Counsel to Schiffrin Barroway Topaz & Kessler, Mr. Bramson is a partner in the law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, of Walnut Creek, California.

**ALAN R. PLUTZIK** specializes in complex business litigation in state and federal courts throughout the United States. Areas of particular emphasis include class actions, securities fraud and corporate governance litigation, consumer law, antitrust, constitutional and communications law. Mr. Plutzik is admitted to practice in California and the District of Columbia (inactive member), and is a member of the bars of the United States Supreme Court, the Second, Eighth, Ninth, Tenth and District of Columbia Circuits and numerous federal district courts throughout the United States.

Mr. Plutzik received his law degree from the University of California at Berkeley's Boalt Hall School of Law in 1977. He received his undergraduate degree from St. John's College, Annapolis, Maryland, in 1971, and also holds an M. A. from Stanford University. Over the course of his twenty-nine year career, Mr. Plutzik has also handled a wide variety of class actions and derivative cases. He has represented, among other clients, corporate shareholders and limited partners challenging conduct by their general partners, officers or directors; consumers and businesses harmed by price-fixing and other anticompetitive conduct; consumers in actions against insurance companies, banks and other lenders; investors in securities fraud cases and derivative suits; employees in ERISA and wage/hour cases; purchasers of mislabeled and defective products; victims of toxic pollution; persons harmed by defective products; and cellular telephone and cable television subscribers.

Mr. Plutzik has also handled a substantial number of cases that raise First Amendment and other constitutional issues, and has represented broadcasters, cable television companies, communications common carriers and consumers in litigation and in administrative proceedings

735236.1

before the Federal Communications Commission and the California Public Utilities Commission.

Mr. Plutzik has written or lectured on topics that include class actions, California consumer law, substantive and procedural issues under the federal securities laws, First Amendment issues applicable to new media, cable television franchising and cable television companies' access to utility poles and real estate developments. He has appeared as a guest radio commentator on the Len Tillem Show on KGO-Radio in San Francisco, discussing class actions, consumer protection law and investor rights.

Mr. Plutzik has served as a judge pro tem on the Contra Costa County Superior Court. He is also President of the Warren W. Eukel Teacher Trust, a community-based charity that honors outstanding teachers in Contra Costa County, California.

In addition to serving as Of Counsel to Schiffrin Barroway Topaz & Kessler, Mr. Plutzik is a partner in the law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, of Walnut Creek, California.

**L. TIMOTHY FISHER** specializes in consumer and securities class actions and complex business litigation. He has been actively involved in several cases in which multi-million dollar recoveries were achieved for consumers and investors. Mr. Fisher has handled cases involving a wide range of issues including nutritional labeling, health care, telecommunications, corporate governance, unfair business practices and fraud. Mr. Fisher is a member of the California Bar.

Mr. Fisher received his Juris Doctorate from Boalt Hall at the University of California at Berkeley in 1997. While in law school, he was an active member of the Moot Court Board and participated in moot court competitions throughout the United States. In 1994, Mr. Fisher received an award for Best Oral Argument in the first year moot court competition.

In 1992, Mr. Fisher graduated with highest honors from the University of California at Berkeley and received a degree in political science. Prior to graduation, he authored an honors thesis for Professor Bruce Cain entitled "The Role of Minorities on the Los Angeles City Council." He is also a member of Phi Beta Kappa.

In addition to serving as Of Counsel to Schiffrin Barroway Topaz & Kessler, Mr. Fisher is an associate in the law firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, of Walnut Creek, California.

**Donna Siegel Moffa**, Of Counsel to the firm, received her law degree, with honors from Georgetown University Law Center in May 1982. She received her undergraduate degree, cum laude, from Mount Holyoke College in Massachusetts. Ms. Siegel Moffa is admitted to practice before the Third Circuit Court of Appeals, the United States Courts for the District of New Jersey and the District of Columbia, as well as the Supreme Court of New Jersey and the District of Columbia Court of Appeals. Prior to joining the firm, Ms. Siegel Moffa was a member of the law firm of Trujillo, Rodriguez & Richards, LLC, where she litigated, and served as co-lead counsel, in complex class actions arising under federal and state consumer protection statutes, lending laws and laws governing contracts and employee compensation. Prior to entering private practice, Ms. Siegel Moffa worked at both the Federal Energy Regulatory Commission (FERC) and the Federal Trade Commission (FTC). At the FTC, as a member of the Bureau of Consumer Protection, she prosecuted cases involving allegations of deceptive and unsubstantiated advertising against R.J. Reynolds and General Nutrition Company. In addition, both at FERC and the FTC, Ms. Siegel Moffa was involved in a wide range of administrative and regulatory

735236.1

issues including labeling and marketing claims, compliance, FOIA and disclosure obligations, employment matters and licensing. She has also participated in a number of rulemaking proceedings and contributed to the Final Report to the Federal Trade Commission on the Children's Advertising Rulemaking Proceeding.

Ms. Siegel Moffa continues to concentrate her practice in the area of consumer protection litigation and has substantial experience in class actions addressing consumer lending and contract issues. She served as co-lead counsel in successfully challenging practices in the rent-to-own industry in New Jersey in Robinson v. Thorn Americas, Inc., L-03697-94 (Law Div. 1995, a case that resulted in a significant monetary recovery for consumers and changes to rent-to-own contracts in New Jersey. Ms. Siegel Moffa was also counsel in Muhammad v. County Bank of Rehoboth Beach, Delaware, 189 N.J. 1 (2006) US Supreme Court certiorari denied by County Bank of Rehoboth Beach v. Muhammad, 127 S. Ct. 2032, (U.S., Apr. 16, 2007, in which the New Jersey Supreme Court struck a class action ban in a consumer arbitration contract. She has served as class counsel representing consumers pressing TILA claims, e.g. Cannon v. Cherry Hill Toyota, Inc., 184 F.R.D. 540 (D.N.J. 1999), and Dal Ponte v. Am. Mortg. Express Corp., CV- 04-2152 (D.N.J. 2006), and has pursued a wide variety of claims that impact consumers and individuals including those involving predatory and sub-prime lending, mandatory arbitration clauses, price fixing, improper medical billing practices, the marketing of light cigarettes and employee compensation.

Ms. Siegel Moffa's practice has involved significant appellate work. In both state and federal appeals courts, she has represented individuals, classes, and non-profit organizations participating as amici curiae, such as the National Consumer Law Center and the AARP. In addition, Ms. Siegel Moffa has regularly addressed consumer protection and litigation issues in presentations to consumer groups, organizations, and professional associations. Ms. Siegel Moffa is a member of the New Jersey State Bar Association, the Camden County Bar Association, the District of Columbia Bar Association, the National Association of Consumer Advocates and the Public Justice Foundation.

# CONSULTANTS

**KEVIN P. CAULEY** serves in the firm's business development and institutional relations department. Mr. Cauley is a graduate of Temple University. Prior to joining the firm, Mr. Cauley was Director of Business Development for a multi-family office in New York City. Mr. Cauley also has prior experience in institutional fiduciary investment consulting, money manager selection, best trade executions, and asset allocation modeling. He has held the Series 7, 24, 63, and 65 licenses with the NASD. Mr. Cauley has also done political consulting in coordinating and directing various aspects of field operations for local, state, and national campaigns in Southeastern Pennsylvania. He is also an active member of The Pennsylvania Future Fund, A.O.H. Division 88 "Officer Danny Boyle Chapter," The Saint Andrews Society, The Friendly Sons of Saint Patrick, The Clover Club of Philadelphia, The Foreign Policy Research Institute, a Board Member of The Princeton Committee on Foreign Relations, and is an elected member to The Pennsylvania Society and The Union League of Philadelphia, where he serves on the Armed Services Committee.

**PETER KRANEVELD**, an advisor to the firm, will work with Schiffrin Barroway Topaz & Kessler to analyze and work on issues such as corporate governance, shareholder rights and

735236.1

activism and how these fit into the interests of the firm's large international client base of pension funds and other institutional investors. An economist by training, Mr. Kraneveld has a long history of working with pension funds and other institutional shareholders. He recently completed an eight year stint working with Dutch pension fund PGGM, a public pension fund for the healthcare sector in the Netherlands, and one of the largest pension funds in Europe. Mr. Kraneveld's last three years at PGGM were spent as a Special Advisor for International Affairs where his main responsibilities included setting up a network among national and international lobbying organizations, domestic and foreign pension funds and international civil servants and using it to promote the interests of the pension fund industry. Mr. Kraneveld served as Chief Economist for PGGM's Investments Directorate from 1999 until 2004 where his accomplishments included the Tactical Asset Allocation process and designing alternative scenarios for Asset Liability Management.

Prior to his work with PGGM, Mr. Kraneveld worked with the Organisation for Economic Co-operation and Development (OECD) and the Dutch Ministry of Economic Affairs.

**DAVID RABBINER** serves as Schiffrin Barroway Topaz & Kessler's Director of Investigative Services. As the firm's lead investigations necessary to further and strengthen the firm's class-action litigation efforts. Although his investigative services are primarily devoted to securities matters, Mr. Rabbiner routinely provides litigation support, conducts due diligence, and lends general investigative expertise and assistance to the firm's other class-action practice areas. Mr. Rabbiner plays an integral role on the firm's legal team, providing critical investigative services to obtain evidence and information to help ensure a successful litigation outcome. Before joining Schiffrin Barroway Topaz & Kessler, Mr. Rabbiner enjoyed a broad-based, successful career as an FBI Special Agent, including service as an Assistant Special Agent in Charge, overseeing multiple criminal programs, in one of the Bureau's largest field offices. He holds an A.B. in English Language and Literature from the University of Michigan and a Juris Doctor from the University of Miami School of Law.

**EXHIBIT 3**

1  BORNSTEIN & BORNSTEIN
   Jonathan Herschel Bornstein (SBN 163392)
2  Kathryn Quetel (SBN 167100)
   507 Polk Street, Suite 320
3  San Francisco, CA  94102-3339
   Telephone: (415) 409-7611
4  Facsimile: (415) 409-9345
5  *Attorneys for Proposed Lead Plaintiff Kimberly*
   *Quaco and Proposed Liaison Counsel*
6
7  SCHIFFRIN & BARROWAY LLP
   Eric L. Zagar (*pro hac vice*)
8  Robin Winchester
   280 King of Prussia Road
9  Radnor, PA 19087
   Telephone: (610) 667-7706
10 Facsimile: (610) 667-7056
11 *Attorneys for Proposed Lead Plaintiff Kimberly*
   *Quaco and Proposed Lead Counsel*
12
                    **UNITED STATES DISTRICT COURT**
13
                    **NORTHERN DISTRICT OF CALIFORNIA**
14
                        **SAN FRANCISCO DIVISION**
15

16 KIMBERLY QUACO, Derivatively on Behalf      )   No. C-06-2811-MHP
   of Nominal Defendant POWER                  )
17 INTEGRATIONS, INC.,                          )
                            Plaintiff,          )   [PROPOSED] ORDER RE:
18              v.                               )   PLAINTIFF'S MOTION TO
                                                )   CONSOLIDATE ACTIONS AND TO
19 BALU BALAKRISHNAN, DEREK BELL,              )   APPOINT LEAD PLAINTIFF, LEAD
   ALAN D. BICKELL, NICHOLAS E.                )   COUNSEL AND LIAISON COUNSEL
20 BRATHWAITE, R. SCOTT BROWN, JOHN            )   FOR PLAINTIFFS.
   M. COBB, RODERICK D. DAVIES,                )
21 HOWARD F. EARHART, BALAKRISHNAN            )
22 S. IYER, E. FLOYD KVAMME, BRUCE            )   Date:        November 6, 2006
   RENOUARD, VLADIMIR RUMENNIK,               )   Time:        2:00 p.m.
23 DANIEL M. SELLECK, ROBERT G.               )   Location:    Courtroom 15, 18th Floor
   STAPLES, JOHN TOMLIN, and CLIFFORD J.      )   Judge:       Hon. Marilyn H. Patel
24 WALKER,                                     )   Case Filed:  April 25, 2006
25                                             )   Trial:       None.
                                               )
26                     Defendants,             )
                  and                          )
27                                             )
                                               )
28 POWER INTEGRATIONIS, INC.,_____ )

           [PROPOSED] ORDER CONSOLIDATING ACTIONS AND APPOINTING LEAD
         PLAINTIFF AND APPOINTING LEAD AND LIAISON COUNSEL FOR PLAINTIFFS
                                     - 1 -



1             Nominal Defendant.     )
                                             )

2                                                     )

3   KATHRYN L. CHAMPLIN, Derivatively on    )    No. C-06-4672-JF (HRL)

4   Behalf of Nominal Defendant POWER             )
   INTEGRATIONS, INC.,                        )

5                                                )
                    Plaintiff,            )

6             v.                            )

7   BALU BALAKRISHNAN, HOWARD F.       )   Date:           November 6, 2006

8   EARHART, DEREK BELL, JOHN M. COBB,   )   Time:          2:00 p.m.
   ALAN D. BICKELL, NICHOLAS E.        )   Location:     Courtroom 15, 18th Floor

9   BRATHWAITE, R. SCOTT BROWN,        )   Judge:         Hon. Marilyn H. Patel
   STEVEN J. SHARP, E. FLOYD KVAMME,    )   Case Filed:   April 25, 2006

10   BALAKRISHNAN S. IYER and JAMES R.    )   Trial:          None.
   FIEBIGER,                                     )

11                                                )

12                    Defendants,        )

13               and                )
                                               )

14   POWER INTEGRATIONS, INC.,         )

15                                                )
            Nominal Defendant.     )

16                                                )

17   CHRISTOPHER DEBOSKEY, Derivatively on   )   No. C-06-5796 HRL
   Behalf of Nominal Defendant POWER            )

18   INTEGRATIONS, INC.,                        )

19                                                )
                    Plaintiff,            )

20             v.                            )

21                                              )   Date:           November 6, 2006
   BALU BALAKRISHNAN, HOWARD F.       )   Time:          2:00 p.m.

22   EARHART, DEREK BELL, JOHN M. COBB,   )   Location:     Courtroom 15, 18th Floor
   ALAN D. BICKELL, NICHOLAS E.        )   Judge:         Hon. Marilyn H. Patel

23   BRATHWAITE, R. SCOTT BROWN,        )   Case Filed:   April 25, 2006
   STEVEN J. SHARP, E. FLOYD KVAMME,    )   Trial:          None.

24   BALAKRISHNAN S. IYER, ROBERT       )
   STAPLES, ROBERT J. LELIEUR and JAMES   )

25   R. FIEBIGER,                       )

26                    Defendants,        )

27               and                )

28

POWER INTEGRATIONS, INC.,                      )
                                               )
                      Nominal Defendant.       )
                                               )

AND NOW, upon consideration of plaintiff Kimberly Quaco's Motion to Consolidate Actions and Appoint Lead Plaintiff and Appoint Lead and Liaison Counsel for Plaintiffs, and good cause appearing therefore, it is hereby ORDERED and DECREED as follows:

**A.**

**CONSOLIDATION**

1.      The above-captioned actions and any other shareholder derivative action on behalf of Power Integrations, Inc. filed in or transferred to this Court that involves questions of law or fact similar to those contained in the above-captioned actions are consolidated for all purposes under the following caption (the "Consolidated Action"):

IN RE POWER INTEGRATIONS    )      Case No. C-06-2811-MHP
INC. DERIVATIVE LITIGATION  )
                            )

**B.**

**PENDING, SUBSEQUENTLY FILED, AND TRANSFERRED RELATED ACTIONS**

2.      Each and every putative action filed in, or transferred to, this Court that involves questions of law or fact similar to those contained in the Consolidated Action shall constitute a case related to the Consolidated Action ("Related Action" or the "Related Actions").

3.      Each Related Action shall be governed by the terms of this Order and shall be consolidated for all purposes with the Consolidated Action.

4.      A party to any Related Action may move for relief from the terms of this Order only if such motion is filed with the Court and served upon Plaintiffs' Lead Counsel (as defined herein) and counsel for the defendants within thirty (30) days of the mailing of this Order to counsel for such party. A party to a Related Action shall be entitled to relief from the terms of this Order only if the party's motion demonstrates that the Related Action does not involve questions of law or fact similar to those contained in the Consolidated Action.

## C.

## PREVIOUSLY FILED PAPERS

5.      All papers previously filed and served to date in any of the cases consolidated herein are deemed to be and are hereby adopted as part of the record in the Consolidated Action.


## D.

## ORGANIZATION OF LEAD PLAINTIFF AND LEAD AND LIASON COUNSEL

6.      Plaintiff, Kimberly Quaco, shall be appointed Lead Plaintiff.

7.      Prosecution of the Consolidated Action and each Related Action on behalf of plaintiffs shall be managed and directed by Plaintiffs' Lead Counsel SCHIFFRIN & BARROWAY, LLP. All specific assignments to perform tasks in the Consolidated Action shall be appointed by Plaintiffs' Lead Counsel in such a manner as to lead to the orderly and efficient prosecution of the Consolidated Action and each Related Action and to avoid duplicative or unproductive effort and unnecessary burdens on the parties.

8.      BORNSTEIN & BORNSTEIN shall serve as Plaintiffs' Liaison Counsel and is authorized to receive orders, notices, correspondence, and telephone calls from the Court on behalf

1   of all plaintiffs and shall be responsible for the preparation and transmission of copies of such

2   orders, notices, correspondence, and memoranda of such telephone calls to plaintiffs' counsel.

3

4       SO ORDERED.

5

6

7       Dated: _____          _____

8                                          United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
    Nichole Browning (S.B.N. 251937)
2   2125 Oak Grove Road, Suite 120
    Walnut Creek, CA 94598
3   Telephone: (925) 945-0770
    Facsimile: (925) 945-8792
4
    -and-
5
    Eric L. Zagar (S.B.N. 250519)
6   Lee D. Rudy
    James H. Miller
7   280 King of Prussia Road
    Radnor, PA 19087
8   Telephone: (610) 667-7706
    Facsimile: (610) 667-7056
9
    *Attorneys for [Proposed] Lead*
10  *Plaintiff*

                UNITED STATES DISTRICT COURT
11
              NORTHERN DISTRICT OF CALIFORNIA
12

13  ARUNBHAI PATEL, Derivatively on Behalf of
    Nominal Defendant, VERIFONE HOLDINGS,
    INC.,
14
                      Plaintiff,                    Case No.: 5:08-cv-01133-HRL
15
           v.
16
    Douglas G. Bergeron, Jesse Adams, Isaac Angel,   [PROPOSED] ORDER RE: PLAINTIFF'S
17  William Atkinson, Craig A. Bondy, James C.        MOTION TO CONSOLIDATE RELATED
    Castle, Leslie G. Denend, Alex W. Hart, Robert    CASES, APPOINT LEAD PLAINTIFF, AND
18  B. Henske, Charles R. Rinehart, Collin E. Roche,  LEAD COUNSEL
    Elmore Waller, and Barry Zwarenstein,
19
                      Defendants,
20
           and
21
    VERIFONE HOLDINGS, INC.,
22
                      Nominal Defendant.
23

24

25

26

27

28  [PROPOSED] ORDER RE: PLAINTIFF'S MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD
    PLAINTIFF, AND LEAD COUNSEL
    CASE NO.: 5:08-CV-01133-HRL

*To be consolidated with:*

CHARLES R. KING, Derivatively on Behalf of
Nominal Defendant, VERIFONE HOLDINGS,
INC.,

               Plaintiff,

      v.

DOUGLAS G. BERGERON, JAMES C.
CASTLE, LESLIE G. DENEND, ALEX W.
(PETE) HART, ROBERT B. HENSKE, EITAN
RAFF, CHARLES R. RINEHART, COLLIN E.
ROCHE, CRAIG A. BONDY, and BARRY
ZWARENSTEIN,

               Defendants,

    and

VERIFONE HOLDINGS, INC.,

               Nominal Defendant.

**Case No.: 3:07-cv-06347-PVT**

ARTHUR HILBORN, Derivatively on Behalf of
Nominal Defendant, VERIFONE HOLDINGS,
INC.,

               Plaintiff,

      v.

DOUGLAS G. BERGERON, JESSE ADAMS,
ISAAC ANGEL, WILLIAM ATKINSON,
CRAIG A. BONDY, JAMES C. CASTLE,
LESLIE G. DENEND, ALEX W. HART,
ROBERT B. HENSKE, CHARLES R.
RINEHART, COLLIN E. ROCHE, ELMORE
WALLER, and BARRY ZWARENSTEIN,

               Defendants,

    and

VERIFONE HOLDINGS, INC.,

               Nominal Defendant.

**Case No.: 5:08-cv-01132-PVT**

[PROPOSED] ORDER RE: PLAINTIFF'S MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD
PLAINTIFF, AND LEAD COUNSEL
CASE NO.: 5:08-CV-01133-HRL

1  | MARY LEMMOND and WANDELL
2  | EVERETT, Derivatively on Behalf of Nominal
   | Defendant, VERIFONE HOLDINGS, INC.,

3  |                    Plaintiff,              **Case No.: 5:08-cv-01301-PVT**

4  |         v.

5  | DOUGLAS G. BERGERON, BARRY
6  | ZWARENSTEIN, JESSE ADAMS, ISAAC
   | ANGEL, ELMORE WALLER, COLLIN E.
   | ROCHE, JAMES C. CASTLE, LESLIE G.
7  | DENEND, ALEX W. HART, ROBERT B.
   | HENSKE, CHARLES R. RINEHART, EITAN
8  | RAFF, WILLIAM ATKINSON, CRAIG A.
   | BONDY, GTCR GOLDER RAUNDER, LLC,
9  | and DOES 1-25, INCLUSIVE,

10 |                    Defendants,

11 |         and

12 | VERIFONE HOLDINGS, INC.,

13 |                 Nominal Defendant.

14

15      AND NOW, upon consideration of plaintiff Arunbhai Patel's Motion to Consolidate

16 Actions and Appoint Lead Plaintiff and Appoint Lead Counsel for Plaintiff, and good cause

17 appearing therefore, it is hereby ORDERED and DECREED as follows:

18                                        **A.**

19                               **CONSOLIDATION**

20      1.     The above-captioned actions and any other shareholder derivative action on behalf

21 of VeriFone Holdings, Inc. filed in or transferred to this Court that involves questions of law or fact

22 similar to those contained in the above-captioned actions are consolidated for all purposes under

23 the following caption (the "Consolidated Action"):

24          IN RE VERIFONE HOLDINGS      )      Case No. 5:08-cv-01133-HRL
           INC. DERIVATIVE LITIGATION   )
25          _____    )

26

27

28  | [PROPOSED] ORDER RE: PLAINTIFF'S MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD    | - 1 -
    | PLAINTIFF, AND LEAD COUNSEL
    | CASE NO.: 5:08-CV-01133-HRL

**B.**

**PENDING, SUBSEQUENTLY FILED, AND TRANSFERRED RELATED ACTIONS**

2.     Each and every putative action filed in, or transferred to, this Court that involves questions of law or fact similar to those contained in the Consolidated Action shall constitute a case related to the Consolidated Action ("Related Action" or the "Related Actions").

3.     Each Related Action shall be governed by the terms of this Order and shall be consolidated for all purposes with the Consolidated Action.

4.     A party to any Related Action may move for relief from the terms of this Order only if such motion is filed with the Court and served upon Plaintiff's Lead Counsel (as defined herein) and counsel for the defendants within thirty (30) days of the mailing of this Order to counsel for such party.  A party to a Related Action shall be entitled to relief from the terms of this Order only if the party's motion demonstrates that the Related Action does not involve questions of law or fact similar to those contained in the Consolidated Action.

**C.**

**PREVIOUSLY FILED PAPERS**

5.     All papers previously filed and served to date in any of the cases consolidated herein are deemed to be and are hereby adopted as part of the record in the Consolidated Action.

**D.**

**ORGANIZATION OF LEAD PLAINTIFF AND LEAD COUNSEL**

6.     Plaintiff, Arunbhai Patel, shall be appointed Lead Plaintiff.

7.     Prosecution of each Related Action on behalf of plaintiff shall be managed and directed by Plaintiff's Lead Counsel Schiffrin Barroway Topaz & Kessler, LLP.  All specific assignments to perform tasks in the Consolidated Action shall be appointed by Plaintiff's Lead Counsel in such a manner as to lead to the orderly and efficient prosecution of the Consolidated Action and to avoid duplicative or unproductive effort and unnecessary burdens on the parties.

1

2      SO ORDERED.

3      Dated: _____

4                                              _____
                                               United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
       ───────────────────────────────────────────────────────────────────
       [PROPOSED] ORDER RE: PLAINTIFF'S MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD    - 3 -
       PLAINTIFF, AND LEAD COUNSEL
       CASE NO.: 5:08-CV-01133-HRL